Gilford S. CRADOR, Sr., Plaintiff-Appellee,

v.

BOH BROTHERS, INC., and Travelers Insurance Company, Defendants-Appellants.

No. 72-2778

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1973.

Edmund E. Woodley, Lake Charles, La., for defendants-appellants.

Raleigh Newman, Lake Charles, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

██ ██    This is an appeal from a judgment entered in favor of plaintiff-appellee, Gilford Crador, Sr., in an action brought under the Jones Act, 46 U.S.C.A. § 688, and the general maritime law

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York, 5 Cir., 1970, 431 F.2d 409, Part I.

to recover damages for personal injuries. The first and second points of error assigned by defendants-appellants, Boh Brothers, Inc. and its insurer, Travelers Insurance Company, are (1) that it was error to allow the jury to find that appellants were negligent and that the vessel was unseaworthy, and (2) that "it was error for the jury not to find the plaintiff guilty of negligence in some degree." We have thoroughly studied the record, and we cannot agree. Substantial and competent evidence was introduced to support the jury's factual findings, and the trial judge was thus entirely correct in leaving the resolution of these two factual issues, on which conflicting evidence had been adduced, with the jury. Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365. *See also* United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L. Ed. 746. *See generally* Wright, Federal Courts § 95, at 426.

Appellants' third and fourth points of error attack the jury finding regarding damages. Appellants insist (3) that the jury did not have before it the proper instructions and advice regarding the damages issue, and (4) that the amount of damages found by the jury was excessive as a matter of law. We do not reach the fourth point, for we find that the jury was so misinformed, and to some extent uninformed, regarding damages, that the extraordinary remedy of remanding to have the jury redetermine damages under a correct statement of the applicable law is justified. *See* Grice v. J. Ray McDermott & Co., Inc., 5 Cir. 1972, 465 F.2d 486.

We find that the jury below did not have before it a correct statement of the law regarding damages. We need not here engage in an extended discussion of the relevant law, for this Court has recently spoken at length on the issue of damages. In Johnson v. Penrod Drilling Co., 5 Cir. 1972, 469 F.2d 897, and Blue v. Western Railway of Alabama, 5 Cir.

1972, 469 F.2d 487, Judge Simpson fully and lucidly analyzes and states the applicable law. In light of Judge Simpson's exhaustive opinions, it would be carrying coals to Newcastle to restate what the jury should have been told regarding the computation of damages. Suffice it to say that here there was neither testimony nor charge as to the actuarial bases the jury should employ in determining damages. The information the jury below had before it differed markedly from the information that these two cases require, and we conclude that "this is one of those uncommon occasions when unpreserved trial court error would result in grave injustice if allowed to stand." Grice v. J. Ray McDermott Co., Inc., *supra*, 465 F.2d at 488. *See also* Pritchard v. Liggett & Myers Tobacco Co., 3 Cir. 1965, 350 F.2d 479. Finding that a partial reversal and remand will prejudice the position of neither party, *see* Blue v. Western Railway of Alabama, *supra*, we remand solely for a redetermination of damages.

Affirmed in part, reversed and remanded in part.