Daniel R. MEYERS, Jr.,
Plaintiff–Appellant,

v.

The M/V EUGENIO C, Its engines, tackle, apparel, etc., et al.,
Defendants,

and

Costa Armatori, S.P.A.,
Defendant–Appellee.

No. 87–3457.

United States Court of Appeals,
Fifth Circuit.

June 26, 1989.

---

Lester J. Lautenschlaeger, Jr., Lautenschlaeger & Oberhelman, New Orleans, La., plaintiff-appellant.

Gustave A. Manthey, Chaffe, McCall, New Orleans, La., for defendant-appellee.

Before GARZA, RUBIN, and KING, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Our original opinion[1] affirmed the district court's summary judgment dismissing all of the plaintiff's claims in this suit save one. At the request of the M/V Eugenio C, we granted rehearing and scheduled oral argument to reconsider our opinion, and in particular Part III in which we held that the affidavit of Pilot Daniel R. Meyers, Jr. raises "a material question of fact concerning whether the crew might have provided an alternative and safer way for Meyers to board the vessel."[2]

At oral argument, the representatives of the Eugenio invited us to take judicial notice of the truth of their assertion that the waves were as rough everywhere along the lee side of the vessel, which was the port side, as they were at the spot where the boarding ladder was lowered. We were urged to use "logic and/or maritime common sense" to find that there was no lee at the port side of the vessel safer than that where the ladder was placed, and also to note possible inconsistencies between Meyers' deposition testimony and his affidavit. The Eugenio further directed our attention to the Safety of Lives at Sea Convention (SOLAS), which provides that a boarding ladder "shall be secured in a position so that ... each step rests firmly against the ship's side [and] it is clear so far as is practicable of the finer lines of the ship ..."[3]

The Eugenio's contentions do not require us to modify our original opinion. Because the SOLAS regulations would not have prohibited the actions Meyers claims the Eugenio should have taken if they were the best practicable alternative, merely quoting SOLAS cannot dispose of this case. Also, although Meyers testified that there was no way, so far as he knew, to "find some calm or flatter water around the ship," and although "[a] nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony,"[4] this does not justify summary judgment in favor of the Eugenio. The one portion of Meyers' testimony quoted by the

1. 842 F.2d 815 (5th Cir.1988).

2. *Id.* at 818.

3. Safety of Life at Sea Convention, 1974, Multilateral, Ch. 5, Regulation 17, 32 U.S.T. 47, 243, TIAS No. 9700.

4. *Albertson v. T.J. Stevenson & Co.,* 749 F.2d 223, 228 (5th Cir.1984).

Eugenio does conflict with other statements Meyers made, as well as, incidentally, with allegations made by the Eugenio itself.[5] Further, Meyers' statement did deny the existence, so far as he knew, of a truly safe lee. In context, however, Meyers' statement did not deny the existence of a safer boarding area. Thus the statement, even if true, does not foreclose all possibility that the Eugenio was negligent.

■ Meyers' theory of negligence may prove difficult to demonstrate, but it is not, at this stage of the case, wholly untenable. He points out that he boarded on the lee side of the vessel, by definition the more sheltered side. He notes that, aft of the port from which the ladder he climbed was hung, the vessel had ports that may have been more sheltered. He then argues, and the Eugenio admits, that although the aft ports lacked ladder hooks, the ladder might have been hung from any of those ports except the port nearest the stern, which was too near the propeller for "jury rigging." It is possible that moving the ladder to one of the aft ports might have prevented Meyers' injury, and so far as this court can tell, "logic and/or maritime common sense" are not to the contrary.

■ In sum we are left with the stuff of which fact-findings are made.[6] The testimony is to some degree contradictory, but not so contradictory as to foreclose an inference of negligence on the part of the vessel. The testimony also might support an inference of contributory negligence on the part of Meyers, but if Meyers bears his burden of proving negligence, his own possible fault will not bar recovery as a matter of law.[7]

Meyers asks us to reconsider our affirmance of the summary judgment on the other issues. We find no reason to do so.

For these reasons, the judgment of the district court is AFFIRMED as to Meyers' claims based on unseaworthiness of the vessel but REVERSED as to his claim based on negligence.

---

**5.** *Cf. Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 894 (5th Cir.1980).

**6.** *Cf., e.g., Crador v. Boh Bros., Inc.,* 473 F.2d 1040 (5th Cir.1973).

**7.** *See, e.g., Lewis v. Timco, Inc.,* 697 F.2d 1252, 1254 (5th Cir.1983); *Hillier v. Southern Towing Co.,* 714 F.2d 714, 719 (7th Cir.1983).