DONADA v. POWER. (No. 5579.)

(Court of Civil Appeals of Texas. San Antonio. April 26, 1916. Rehearing Denied June 14, 1916.)

APPEAL AND ERROR ⬤➔1178(6)—DETERMINATION AND DISPOSITION OF CAUSE.

Under rule 62a for the Courts of Civil Appeals (149 S. W. x), where the issues in an action were severable, and the error affected only a part of the matter in controversy, the findings of the trial court not found to be prejudicial will be deemed conclusive, and judgment affirmed as to that part, and the cause remanded for trial of the issues affected by the error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4614, 4615; Dec. Dig. ⬤➔1178(6).]

Appeal from District Court, Refugio County; John M. Green, Judge.

On motion for rehearing and to modify order. Order reversing and remanding generally modified.

For former opinion, see 184 S. W. 793.

---

Dougherty & Dougherty, B. D. Tarlton, Jr., and H. S. Bonham, all of Beeville, for appellant. Wilson, Dabney & King, of Houston, and J. Turner Vance, of Refugio, for appellee.

## On Motion for Rehearing and to Modify Order.

MOURSUND, J. We are asked by appellee to modify our judgment, reversing the judgment of the trial court and remanding the cause generally; so as to affirm that part of the judgment of the district court relating to the appellee's suit for rent for the 37 acres of land, being the 20 acres described in the written contract and the 17 acres taken by appellant under the provisions of said contract not later than January 1, 1908, as found by the jury.

We conclude that the request should be granted, upon the authority of the following cases: Marshall v. City of San Antonio, 63 S. W. 138; Shirley v. Railway, 78 Tex. 131, 10 S. W. 543; Cooper v. Lee, 75 Tex. 114, 12 S. W. 483; Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56·S. W. 330; McConnell v. Wall, 67 Tex. 352, 5 S. W. 681; Id., 65 Tex. 397; Nona Mills Company v. Jackson, 159 S. W. 932; rule 62a for Courts of Civil Appeals (149 S. W. x).

The judgment of the trial court is reversed, and the cause remanded, with instructions to the trial court to try the issues in the case, other than the one relating to rent sought to be recovered for the 37 acres of land, on which the findings made upon the trial below are to be held and deemed conclusive, and so taken in entering the final judgment to be rendered in the case upon trial of the other issues.