KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant,

v.

Benny K. CHAFFIN, Appellee.

No. 9062.

Court of Appeals of Texas, Texarkana.

July 19, 1983.

Rehearing Denied Aug. 16, 1983.

C.B. Wheeler, William C. Gooding, Wheeler, Gooding & Dodson, Texarkana, for appellant.

Franklin Jones, Jr., Jones, Jones & Baldwin, Marshall, Harold Nix, Daingerfield, for appellee.

HUTCHINSON, Justice.

Benny K. Chaffin (Chaffin), here appellee, sued his employer, Kansas City Southern Railway Company (K.C. So. Ry.), here the appellant, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. (1972) for damages for injuries allegedly sustained in his employment by K.C. So. Ry. Prior to trial, K.C. So. Ry. admitted liability leaving the amount of damages, if any, as the sole issue for determination. This issue was heard by and submitted to a jury. The jury by its verdict assessed the damages in the amount of One Million Seven Hundred Sixty-eight Thousand Eight Hundred Sixty and no/100 Dollars ($1,768,860.00). The trial court entered judgment on the verdict, allowing an offset of Two Thousand Seven Hundred Fifty and no/100 Dollars ($2,750.00) for monies theretofor advanced to Chaffin.

■ K.C. So. Ry. by its first point of error contends that the judgment must be reversed because the trial court erred in admitting evidence as to the effects of inflation on Chaffin's claim for loss of earning capacity in the future. In support of this assertion, counsel relies upon the Penrod Rule established in this federal circuit by the case of *Johnson v. Penrod Drilling Company,* 510 F.2d 234 (5th Cir.1975), *cert. denied,* 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975). This cited case clearly bans the admission of evidence of inflationary conditions in Jones Act and F.E.L.A. based damage suits. However, the recent case of *Culver v. Slater Boat Co.,* 688 F.2d 280 (5th Cir.1982), expressly overrules this part of the Penrod case. The court in *Culver* held:

"... that Penrod's prohibition of any consideration of inflationary factors is unfair to plaintiffs and is therefore overruled ... plaintiffs should be permitted to establish by factual economic and labor data, and expert testimony, that their income would probably continue to increase in response to inflation in future years if they continued to work. Likewise, using economic and labor data and expert testimony, the defendant should be permitted to rebut such evidence." *Culver,* supra, 688 F.2d at 305.

In view of this recent case, it is evident that the admission of inflation evidence was not error.

■ K.C. So. Ry. next contends that the trial court erred in allowing the admission of testimony from its witness upon cross-examination regarding his pay scale at K.C. So. Ry. from 1942 until the time of this trial. This point of error should be disposed of under the same reasoning set forth on the rejection of the preceding point of error. The wage scale of a co-worker is evidence which is likely to show the relative increase in wages as compared to the rate of inflation. The complaint of remittances is not a valid complaint since any competent evidence, not privileged, is admissible if it logically tends to prove or disprove a material fact in issue. Here, the fact in issue is Chaffin's future wage rate. When evidence is offered which tends to prove a fact issue it is admissible and its probative effect becomes a question for the jury to pass upon. *Meredith v. Eddy,* 616 S.W.2d 235 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ). The second point of error is therefore denied.

Chaffin received a general discharge from the Navy in 1972 because he had been absent without leave from his assignment. On his cross-examination, counsel for K.C.

So. Ry. approached the bench and requested a ruling from the court relative to the questioning of Chaffin concerning his discharge. It was then argued that such questioning was relevant to show the reason for such discharge and that such testimony would be probative of his reliability as an employee. Chaffin's counsel then argued that the discharge was too remote to be relevant to any issue in the case. The trial court sustained the position of Chaffin's counsel and excluded the testimony.

■ The record shows that the general discharge occurred almost ten years prior to this trial and that Chaffin had been employed by K.C. So. Ry. for over five years. No evidence was presented as to Chaffin's failure to properly and timely perform his duties of employment to K.C. So. Ry. If the general discharge and the reason therefore should have been admitted for evidence, it appears that such error was harmless.

In point of error number four, K.C. So. Ry. states that the trial court erred and abused its discretion in allowing Chaffin's counsel, over objection, to testify to the jury as to circumstances of a lawsuit tried sixteen years before.

The case of *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835 (Tex.1979), cited and relied upon by K.C. So. Ry., held that in the case of improper jury argument the complainant has the burden to prove (1) an error (2) that was not invited or provoked (3) that was preserved by the proper trial predicate, such as an objection, a motion to instruct, or a motion for mistrial, and (4) was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the judge, and (5) that the argument by its nature, degree, and extent constituted reversible, harmful error.

■ That portion of the jury argument complained of has been reviewed in light of the above authority and no reversible error has been found. Too, if any error existed, it was cured by the trial court's instruction, and its observance, not to testify as to the facts in the prior lawsuit.

K.C. So. Ry.'s next point of error is based upon the trial court's refusal to grant a mistrial because of jury misconduct or misconduct of another person that affected a juror.

During a noon break, Billy Pope, the father-in-law of Chaffin, had a conversation with one of the jurors, Mr. Hamilton, who later was made foreman of the jury. According to Mr. Pope, the conversation concerned their places of residence and the fact that he raised some cows and that "the price of them was cheap and that you couldn't make any money on them." Mr. Gardner, Claims Agent for K.C. So. Ry., commented that he heard Mr. Hamilton say "The price is always going up, too." Mr. Pope testified that during the trial he sat with his daughter, Mrs. Chaffin, along with his wife and grandchildren. The trial judge overruled the motion for a mistrial and stated that he did not find anything wrong with the conversation. He admonished Mr. Pope to not associate with any of the jurors in the future.

■ A movant for a new trial based on jury misconduct must establish the following: (1) that misconduct occurred; (2) that it was material misconduct; and (3) that based on the record as a whole the misconduct probably resulted in harm to the movant. The question of whether an act of jury misconduct occurred is a question of fact to be determined by the trial judge. Tex.R.Civ.P. 327; *Flores v. Dosher*, 622 S.W.2d 573 (Tex.1981). The trial court has considerable latitude in granting a new trial for jury misconduct and its refusal to grant a new trial upon an expressed or implied finding that no jury misconduct occurred is ordinarily binding on the reviewing courts and will be reversed only where a clear abuse of discretion is shown. *State v. Wair*, 163 Tex. 69, 351 S.W.2d 878 (1961); *Shop Rite Foods, Inc. v. Upjohn Co.*, 619 S.W.2d 574 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). Casual improper remarks are harmless where there is no evidence that jurors related the remarks to the case before them. *Gulf Coast Sailboats, Inc. v. McGuire*, 616 S.W.2d 385 (Tex.Civ.App.—

Houston [14th Dist.] 1981, writ ref'd n.r.e.). This point of error is therefore overruled.

K.C. So. Ry. next complains of the trial court's failure to instruct the jury that Chaffin was under a duty to mitigate his damages by resuming gainful employment, if able to do so. It bases this on the contention that Chaffin was capable of obtaining a job more rigorous and higher paying than his position as a school bus driver.

■ There is absolutely no evidence within the record which indicates that Chaffin either refused or avoided work of the type suggested by K.C. So. Ry. No evidence shows that Chaffin refused or avoided appropriate medical treatment or failed to consult a doctor and follow medical advice in the manner expected of any reasonably prudent individual. Nor was there any request by K.C. So. Ry. or refusal by Chaffin to undergo a re-employment physical to determine Chaffin's fitness to return to his former job. Other than mere speculation and hypothetical situations, no medical expert or other witness testified that Chaffin was actually capable of obtaining employment other than his current position as a part-time bus driver. Thus, the trial judge properly denied the requested instruction on mitigation of damages.

Additionally, even if there had been some evidence introduced at trial sufficient to raise the issue of mitigation, this point was not properly preserved for review. K.C. So. Ry.'s objection to the charge failed to specifically object and distinctly point out the matter it was objecting to, i.e. failure to include mitigating considerations within the issue of loss of earning capacity. Tex.R. Civ.P. 274. Alternatively, K.C. So. Ry. would be required to tender a substantially correct instruction to be included in the charge on this issue. Tex.R.Civ.P. 279. The instruction submitted to the trial court by K.C. So. Ry. is not a correct statement of the law and was properly denied by the trial judge. The cases cited by K.C. So. Ry. refer to the duty of the injured person to care for and treat his injuries as a reasonably prudent person would under like circumstances. See, e.g. *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967). That problem is not present in this case. K.C. So. Ry.'s requested charge is improper because it has the effect of completely precluding recovery for loss of future earnings "after the date on which he was ... able to return to some form of gainful employment." *Donada v. Power*, 184 S.W. 793, 797, modified 186 S.W. 871 (Tex.Civ.App.1916, writ ref'd); 17 Tex. Jur.2d *Damages* § 289 (1960). Even if the evidence showed that Chaffin had failed to work for personal reasons having nothing to do with the injury sustained as a result of K.C. So. Ry.'s negligence, loss of earnings or earning capacity should not be omitted from the damage issue. *Union Carbide Corporation v. Gayton*, 486 S.W.2d 865 (Tex. Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Even if the trial court attempted to correct the incorrect instruction, there was no evidence as to what earning capacity Chaffin is alleged to currently possess, other than his income as a bus driver, such that the requested instruction on mitigation would still be inappropriate. This point of error is denied.

■ K.C. So. Ry. next complains of the alteration of the *Wall Street Journal* exhibit through highlighting certain portions of an article. K.C. So. Ry. speculates that the alteration was the action of Chaffin's counsel during a court recess. There is no evidence in the record supporting this accusation. In fact, no objection or mention was made of the incident at the trial court level and K.C. So. Ry. admits in its brief that it first became aware of the highlighting of the exhibit after the case was brought up on appeal. K.C. So. Ry. neither presents nor alleges an error made by the trial court, therefore this point is without merit.

■ K.C. So. Ry. urges that the amount of the verdict and the judgment is grossly excessive. In reviewing excessiveness, we look only at the evidence which is favorable to the award and if there is any evidence to sustain it, findings of the jury with regard thereto will not be disturbed on the ground of excessiveness. *Allen v. Whisenhunt*, 603 S.W.2d 242 (Tex.Civ.App.—

Houston [14th Dist.] 1980, writ dism'd). The following is considered: an appellate court should not substitute its judgment for that of the jury; in the absence of an affirmative showing of bias, prejudice, or other improper motive, we give every intendment to evidence supporting the verdict; and the judgment of the jury is as good as that of the court and it should prevail unless it appears that the verdict is influenced by passion, prejudice, or some other improper motive and is not the result of deliberate, conscious and honest convictions. *Green v. Hale,* 590 S.W.2d 231 (Tex. Civ.App.—Tyler 1979, no writ); *Eans v. Grocer Supply Co., Inc.,* 580 S.W.2d 17 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ). Since K.C. So. Ry. has failed to make a showing of bias, prejudice, passion, or any other improper motive, the point of error is denied.

Finally, K.C. So. Ry. raises cumulative error. Since we found no error or only harmless error in K.C. So. Ry.'s eight previous points of error, the errors are neither so abundant nor so pronounced as to warrant a new trial on the basis of cumulative error. The errors in their aggregate and cumulative effect were not reasonably calculated to cause nor is it likely that they probably did cause the rendition of an improper verdict. *United States Fidelity & Guaranty Co. v. Lewis,* 266 S.W.2d 194 (Tex.Civ.App.—Texarkana 1954, writ ref'd n.r.e.). We overrule this point.

The judgment of the trial court is affirmed.