MISSOURI PACIFIC R.R.
CO., et al., Appellants,

v.

Horace WHITEHEAD, Appellee.

No. 12–91–00077–CV.

Court of Appeals of Texas,
Tyler.

April 29, 1993.

Opinion Denying Rehearing
June 17, 1993.

Reagan M. Brown, Fulbright & Jaworski, Houston, for appellants.

Thomas M. Stanley, Houston, for appellee.

HOLCOMB, Justice.

This is an appeal from a judgment upon a jury verdict finding Appellant liable under the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. section 51 *et seq.*, for injuries to Appellee while in the furtherance of interstate commerce. We will affirm in part and reverse and remand in part.

Horace Whitehead was 29½ years old when, on January 3, 1989, he fell five feet from the bridge crane he had operated for four years, and injured his back. Whitehead, Appellee, alleged that the injury was caused by oil from the engine of the bridge crane which the railroad negligently allowed to become unreasonably hazardous to the crew's safety. Appellee alleged the injury made him permanently disabled and that he should receive loss of past wages and loss of future wages for the thirty-five years he could have expected to work for the railroad.

Appellant alleged that Appellee was totally liable for his injury since it was his assigned duty to clean the oil from the engine room floor, a duty he, supposedly, had just fulfilled when he went out the door and fell. Appellant further argued that Appellee had a duty to mitigate his damages and that if Appellant was liable they should only be liable for the amount in excess of what he could reasonably have expected to earn.

The jury found that Appellant was 90% liable and Appellee 10% liable for the injury; that the medical expenses were $26,625; that past wages, pain and mental anguish, and physical impairment were $67,500; and that future wages, pain and mental anguish, and physical impairment would be $1,089,750. The trial court applied the 10% contributory negligence,[1] allowed credit for payments made, directed payments to the Railroad Retirement Board and the Benefit Trust, and awarded Appellee the sum of $1,042,080.06.

Appellant asserts six points of error. The first urges that it was error to refuse to submit a properly requested instruction on mitigation of damages, four of the points urge that there was insufficient evidence to support the jury's findings on specific questions, and one that because of the insufficiency of the evidence there should be a remittitur.

Appellant's first point of error asserts that the trial court should not have refused the

---

1. Under the federal statute contributory negligence is not a bar to recovery but is used to reduce damages in the same manner as comparative negligence under Texas law. 45 U.S.C.A. § 53.

proper and timely submitted instruction that Appellee had a duty to mitigate his damages. There was evidence that Appellee had been told that he could not return to work, other evidence that he could have returned to work, that he tried to work in a monument company but could only stand a few hours, that he was asked by the railroad to take written tests to qualify for certain types of jobs, and that he participated, at the railroad's request, in a "work hardening" program. This conflicting evidence certainly raises a fact issue as to Appellee's mitigation or good faith attempt to mitigate his loss of earnings damages. The evidence in the record clearly supports an instruction on mitigation of damages if there is a duty under FELA to mitigate damages.

■■■ In determining if FELA requires the injured party to mitigate damages we are mindful of the following rules: (1) the law in a FELA case is governed by federal statutory interpretation and case law, *Chesapeake & Ohio Ry. Co. v. Kuhn,* 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157 (1931), (2) that federal decisional law is authoritative and state decisional law is merely persuasive, *Dice v. Akron, Canton & Youngstown R. Co.,* 342 U.S. 359, 361, 72 S.Ct. 312, 314, 96 L.Ed. 398 (1952), (3) that questions of the measure of damages are federal in character, *Norfolk & W. Ry. Co. v. Liepelt,* 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980), and (4) that while federal law governs the substantive rights of the parties, procedural matters are governed by state rules. *St. Louis Southwestern Ry. Co. v. Dickerson,* 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985); *Mitchell v. Missouri–Kansas–Texas R. Co.,* 786 S.W.2d 659, 661 (Tex.1990).

■■■ The United States Court of Appeals for the Tenth Circuit has held that "in a FELA action a plaintiff is entitled to recover the difference between what he was able to earn before injury and what he earned or could have earned thereafter." *Trejo v. Denver & R.G.W. R. Co.,* 568 F.2d 181, 184 (10th Cir.1977) (citations omitted). When the plaintiff did not show that he was unemployable as a matter of law the defendant was "entitled to an instruction based on his theory of the case if there is record evidence to support it." *Id.* "The question whether the conduct of the plaintiff was reasonable effort in the circumstances was a question of fact for the jury under proper instructions. The refusal to give the requested instruction was error." *Id.* Trejo had sought light work from the defendant railroad and despite the railroad's refusal to give him the work it was still entitled to an instruction on mitigation. *Id.* While an instruction on mitigation of damages protects a substantive right of the defendant in a FELA case, it is the defendant's burden to produce the evidence to support the instruction. *Jones v. Consolidated Rail Corp.,* 800 F.2d 590, 593 (6th Cir. 1986); *Smalley v. Duluth, Winnipeg & Pac. Ry. Co.,* 940 F.2d 296, 297 (8th Cir.1991). Therefore, in this case the Appellant was required to bring forth evidence raising a fact issue for the jury's determination on Appellee's mitigation of damages. By showing that Appellee had only worked three hours since his injury, Appellant had raised the issue sufficiently to have the jury determine the apportionment of damages in light of a mitigation instruction. Since damages are federal in character and represent a substantive right of the parties, the trial court had the discretion to refuse the jury instruction only if the charge as a whole properly instructed the jury on the relevant considerations it was to make in reaching the decision. *Jones v. Consolidated Rail Corp.,* 800 F.2d at 592 (6th Cir.1986). While the charge properly asked the jury to determine the percent of negligence of both parties, it only asked the jury to determine the amount in cash Appellee should recover to fairly compensate him for the injuries he received *on the occasion in question* (emphasis added). Thus, the charge as a whole did not contemplate that the jury should consider mitigation of damages.

At the trial, Appellant proffered a written instruction, in substantially correct form, to the trial court before the charge was read to the jury. TEX.R.CIV.P. 273. The trial court endorsed the submission with the word "Refused" and signed and dated it. TEX.R.CIV.P. 272. Appellant then objected to the charge without the requested instruction. TEX. R.CIV.P. 274. Appellant complied with Texas

procedural rules to protect its federal substantive rights. Under these circumstances the trial court had no discretion and was in error when it denied the instruction.

Appellee cites three cases for the proposition that it is within the trial court's discretion to deny an instruction on mitigation of damages; we find those cases are not dispositive of this case. In *Kansas City So. Ry. Co. v. Chaffin,* 658 S.W.2d 186 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.), the court held the instruction was properly denied because the railroad had not produced evidence that Chaffin had failed to get a "more rigorous and higher paying" job than he had, the grounds the railroad stated for the requested charge; and because the instruction was not a correct statement of the law. *Chaffin,* 658 S.W.2d at 190. The court in *Chaffin* was correct because the instruction would have barred recovery of any loss of future wages from the day the injured employee could have returned to any work. The other two cases relied upon by Appellee are based on the same instructions barring recovery if the injured party could have worked. *Southern Pacific Trans. Co. v. Hernandez,* 804 S.W.2d 557 (Tex.App.—San Antonio 1991, no writ); *Atchison, Topeka & Santa Fe Ry. Co. v. O'Merry,* 727 S.W.2d 596 (Tex.App.—Houston [1st Dist.] 1987, no writ). *Hernandez* and *O'Merry* [2] hold that an instruction that is not helpful to the jury may be denied by the trial court without error. *Hernandez,* 804 S.W.2d at 563; *O'Merry,* 727 S.W.2d at 601. *Chaffin* properly instructs that the trial court's discretion is based on the evidence to support the instruction and whether the instruction is a correct statement of law. *Chaffin,* 658 S.W.2d at 190. Because we have found that Appellant produced sufficient evidence to raise a fact issue and because the instruction was a proper statement of the law, the trial court could not properly deny the proffered instruction.

Appellant's first point of error is sustained and the case is remanded for a new trial on the issue of damages.

Appellant's points of error two, three, and four challenge the sufficiency of the evidence to support jury answers on issues that will be

relitigated at a new trial; therefore, we need not address them.

■ Appellant's points of error five and six argue that Appellee was solely responsible for the injury because he was solely responsible for the safety and cleanliness of the bridge crane he was operating. The evidence showed that the railroad knew of the oily conditions around the diesel engine and there was evidence for a reasonable jury to determine that the conditions in the engine room were not "reasonably safe" under the railroad's duty to use "ordinary care" to see that the work place was reasonably safe. It is reasonable to assume that the railroad should use ordinary care in providing reasonably safe methods for those required to clean otherwise unsafe conditions. Appellant had a nondelegable duty to provide a safe work place to Appellee. 45 U.S.C.A. § 51. There was sufficient evidence to support the jury's finding that Appellant negligently failed to provide a safe work place. That Appellee knew of the dangerous condition and was injured due to these very conditions does not relieve Appellant of providing a safe work place, since assumption of the risk is not a defense under FELA. 45 U.S.C.A. § 54. Appellant's points of error five and six are overruled.

■ In remanding the case for new trial on the issue of mitigation of past and future loss of wages only, we follow the guidance of federal courts' interpretation of the federal rights of parties in FELA cases. *Norfolk So. R.R. Co. v. Ferebee,* 238 U.S. 269, 35 S.Ct. 781, 59 L.Ed. 1303 (1915); *Trejo v. Denver & R.G.W. R. Co.,* 568 F.2d 181 (10th Cir.1977); *cf. Blue v. Western Ry. of Ala.,* 469 F.2d 487 (5th Cir.1972). The issue of mitigation of damages goes only to that part of the jury questions dealing with the loss of earnings; that is Question 4(a) and 4(b) which asked:

(a) Loss of earnings in the past, and

(b) Loss of earning capacity which, in reasonable probability, he will sustain in the future.

When the failure to instruct the jury on mitigation of damages in no way prejudices

---

**2.** *Hernandez* follows the holding in *O'Merry* without comment.

the finding as to contributory negligence and liability, the plaintiff has an important interest in not having to relitigate those issues. *Trejo,* 568 F.2d at 185. "Where, as here, we can protect the plaintiff's interest in the determination of [negligence] without prejudicing the rights of the defendant, we should do so." *Id.; cf. see, Blue,* 469 F.2d at 497.

The judgment of the trial court is **affirmed in part and reversed in part and remanded for new trial solely on the issue of damages for past and future lost wages.**

RAMEY, C.J., not participating.

### OPINION ON REHEARING

 In their motion for rehearing, Appellants argue that while the case should be remanded, it should be remanded for a new trial on the issue of liability as well as damages. The argument rests on the difference in State and Federal appellate procedural rules.

A case may be remanded for a new trial in Texas to determine unliquidated damages alone if "liability issues are not contested." TEX.R.APP.P. 81(b)(1). By statute, a Federal "court of appellate jurisdiction may … require further proceedings to be had as may be just under the circumstances." 28 U.S.C.A. § 2106 (West 1982). There is no dispute that the damages are unliquidated, and liability was, and still is, contested. It is also true that Appellee chose Texas as the forum for this suit, and thereby willingly submitted to be bound by the procedural rules of this State in the adjudication of his federal substantive rights. Thus, it would usually be proper to remand this case under TEXAS RULE OF APPELLATE PROCEDURE 81(b)(1) for a new trial on the issues of liability and damages.

However, it is the opinion of this Court that the rights of the railroad employees to not have to relitigate liability issues under these circumstances, by federal interpretation, has become bound up with substantive rights and is "too substantial a part of the rights accorded by the Act to permit it to be classified as a mere 'local rule of procedure'." *Dice v. Akron, Canton & Youngstown R. Co.,*

342 U.S. 359, 363, 72 S.Ct. 312, 315, 96 L.Ed. 398 (1952).

Appellant's motion for rehearing is denied.

RAMEY, C.J., not participating.