**KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant,**

v.

**Everett STOKES, Appellee.**

**No. 06–99–00085–CV.**

Court of Appeals of Texas, Texarkana.

Argued Feb. 7, 2000.

Decided March 2, 2000.

Rehearing Overruled April 18, 2000.

Daniel V. Flatten, Jenkens & Gilchrist, Houston, Gregory D. Smith, Mike A. Hatchell, Ramey & Flock, P.C., Tyler, for appellant.

Art Sadin, Bristol Baxley, Youngdahl, Sadin & Morgan, LLP, Friendswood, Gilbert T. Adams, III, Beaumont, C. L. Ray, Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Kansas City Southern Railway Company appeals from a judgment finding the Railway negligent under the Federal Employers Liability Act (FELA) and awarding $1 million in damages to Everett Stokes. A jury returned this verdict, and the court rendered judgment in accordance with its findings. On appeal, the Railway contends (1) that the trial court erred in overruling the Railway's objections to superfluous instructions on the Railway's duty; (2) that the trial court erred by instructing the jury directly and unnecessarily on the effect of its answers; and (3) that the combination of the trial court's charge errors magnified their prejudicial effect. We reverse the judgment and remand for a new trial.

Stokes was employed by the Railway as a track welder. On May 23, 1996, he was welding joints in curves on a ten-mile stretch of railroad track where he had obtained a track permit to work. After lunch, Stokes parked his welding truck five ties, or approximately eight or nine feet, in front of the area where he intended to weld. He then began the welding process by thoroughly inspecting the track for moisture. In order to complete this inspection, it was necessary for Stokes to

stand directly on the tracks.[1] While Stokes was conducting his inspection his back was to the rear of his welding truck. It was at this point that the accident occurred. The front of Stokes' truck was hit head-on by another vehicle and the back bumper of his welding truck struck him, throwing him approximately ten feet from the point of impact.

The vehicle that caused the accident was a section truck driven by the section foreman, Jerry Wells. Wells was driving the section truck at approximately twenty-five to thirty miles per hour when the accident occurred.[2] Wells testified that he was watching a flock of turkeys near the tracks and that he did not see Stokes or his truck until after the impact. Wells did not apply his brakes or sound his horn. Stokes landed in the area right outside the tracks and immediately suffered lower back pain and shooting pains down his legs.

When FELA cases are brought in state court, federal law governs the substantive rights of the parties and state rules govern any procedural matters. *St. Louis Southwestern Ry. Co. v. Dickerson,* 470 U.S. 409, 411, 105 S.Ct. 1347, 84 L.Ed.2d 303, 306 (1985); *Mitchell v. Missouri–Kansas–Texas R.R. Co.,* 786 S.W.2d 659, 661 (Tex.1990). However, no state procedure or rule can interfere or diminish the rights that are given under FELA. *See Dutton v. Southern Pac. Transp.,* 576 S.W.2d 782, 783–84 (Tex.1978).

In order to comply with Texas' procedural rules for the submission of issues to a jury, Rule 277 of the Texas Rules of Civil Procedure must be followed. Rule 277 requires that issues be submitted in broad form. TEX.R. CIV. P. 277. However, Rule 277 also allows the court to submit instructions and definitions whenever necessary to enable a jury to reach a verdict. *Id.* The trial court has wide discretion in deciding when these explanatory instructions and definitions are appropriate for submission. *Plainsman Trading Co. v. Crews,* 898 S.W.2d 786, 791 (Tex. 1995). It has been held that "[a]n instruction is proper if it finds support in any evidence of probative value or in reasonable inferences that may be drawn therefrom, and if it might be of some aid or assistance to the jury in answering the questions submitted." *St. Louis Southwestern Ry. Co. v. Marks,* 749 S.W.2d 911, 914–15 (Tex.App.-Texarkana 1988, writ denied), *citing Badger v. Symon,* 661 S.W.2d 163 (Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.).

The Railway complains that these rules of submission were not followed. It contends that within the charge there were instructions that were superfluous, prejudicial, and calculated to favor Stokes' theory of liability. One such instruction that the Railway complains was prejudicial is as follows:

> Mr. Stokes is not entitled to benefits under Texas Workers Compensation laws, and the Federal Employers Liability Act is his exclusive remedy to obtain compensation for his alleged on-the-job injury.

The Railway claims that this "no other remedy" instruction was a plea for sympathy, that it was highly prejudicial, and that it was error for the court to include it in the charge.

---

1. The Railway has a rule forbidding employees to stand on the tracks unless it is necessary, but Stokes claimed that it was necessary for him to stand there in order to successfully complete his task. Additionally, Stokes testified that he had to stand on the tracks because of another rule of the Railway, which states that employees may not stand on uneven footing, and that the outlying area, or the ballast area, was uneven.

2. According to the Railway's safety rules, when traveling along the rail, one must maintain a restricted rate of speed. Restricted speed is defined as "a speed that would permit stopping within one half the range of vision short of train engine, railroad equipment, track car, stop signal, derail, or switch not properly lined and looking out for broken rail, but not exceeding 20 miles per hour."

Acceptability of this specific type of instruction has never been addressed in a Texas FELA case. However, comments to the jury that impart this exclusivity information have been found to be prejudicial in federal FELA cases. *See Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 838 (4th Cir.1987). In *Stillman*, the injured employee contended that he should be able to inform the jury of his inability to receive workers' compensation benefits and that recovery under FELA was his only possible remedy. *Id.* The trial court would not permit this information to be given to the jury, and the reviewing court agreed with this determination. *Id.* The reviewing court held that the inability to receive workers' compensation was irrelevant and that allowing the jury to be given this information could be prejudicial to the railway. *Id.* It also reasoned that "defendants in FELA cases are not permitted to inform the jury that a plaintiff has received benefits from a collateral source," and that it saw no reason why a different rule should apply to plaintiffs in these types of cases. *Id.* Texas FELA cases have applied the collateral source rule to defendants. *See Port Terminal R.R. Ass'n v. Sims*, 671 S.W.2d 575, 579 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Missouri–Pacific R.R. Co. v. Willingham*, 348 S.W.2d 764, 766 (Tex.Civ.App.-Waco 1961, no writ). We agree with the *Stillman* court's logical extension of this rule.

Additionally, other federal courts have stated that comments made to the jury about the exclusivity of the FELA remedy were improper and inexcusable. *See Weinell v. McKeesport Connecting R.R. Co.*, 411 F.2d 510, 512 (3d Cir.1969); *Kodack v. Long Island R.R. Co.*, 342 F.2d 244, 247 (2d Cir.1965). In the *Weinell* case, the court expressly stated that this type of comment was improper, even though it reversed the trial court's judgment on other grounds. *Weinell*, 411 F.2d at 512. In the *Kodack* case, the court found that this type of comment was inexcusable, but held that under the circumstances it was not so prejudicial as to justify a reversal. *Ko-*

*dack*, 342 F.2d at 247. However, in the *Kodack* case, the comment was made in the plaintiff's opening statement, and the railroad immediately objected. *Id.* The trial judge in that case admonished the attorney for making the statement and immediately instructed the jury to disregard. *Id.* In the case at hand, the improper instruction was given *by the court* in its charge to the jury. The Railway objected outside the presence of the jury, and the trial judge erroneously overruled that objection.

For the giving of this improper jury instruction to constitute reversible error, the Railway must show not only that the instruction was improper, but also that the error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. TEX.R.APP. P. 44.1(a); *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex.1992). To determine whether an alleged error in the submission of an instruction is reversible, we must consider "the pleadings of the parties, the evidence presented at trial, and the charge in its entirety." *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986).

Stokes contends that submission of this instruction was not error because this is a correct statement of the law. *See Janelle v. Seaboard Coast Line R.R. Co.*, 524 F.2d 1259, 1261 (5th Cir.1975). However, the mere fact that an instruction is a correct statement of law does not mean that a trial court should include it in the charge. *See Louisiana & Arkansas Ry. Co. v. Blakely*, 773 S.W.2d 595, 599 (Tex. App.-Texarkana 1989, writ denied). Stokes also contends that this instruction actually benefitted the Railway because it kept the jury from believing that Stokes was automatically entitled to damages simply because he was an employee. We do not find this argument persuasive. The instruction was improper, and we find that it was so prejudicial to the Railway that it caused or was reasonably calculated to

cause the rendition of an improper judgment. The giving of this instruction requires a reversal of this case.

■ The Railway also contends that the court submitted various improper duty instructions. One such instruction was, "The Defendant has a duty to publish and enforce adequate operating and safety rules for the protection of its employees." The Railway claims that this instruction was "[p]erhaps the worst instruction of all," because while it was superfluous, it also failed to relate back to the duty of ordinary care, the reasonable person standard, or causation. By failing to relate back to these standards, the Railway claims that the court commented on the weight of the evidence, altered the controlling law by imposing an additional and independent duty on the Railway, minimized Stokes' burden of proof, and distracted and confused the jury.

■ However, the Railway fails to cite to any FELA cases, either state or federal, to support its position. Looking to FELA cases is necessary because negligence under FELA is different than common-law negligence, and no state procedure or rule can interfere with or diminish the rights that are given under FELA. *See Dutton,* 576 S.W.2d at 783–84. Additionally, it has been consistently held that "Congress intended the FELA to be a broad, remedial statute, and courts have adopted a standard of liberal construction to facilitate Congress' objectives." *Ackley v. Chicago and N.W. Transp. Co.,* 820 F.2d 263, 266 (8th Cir.1987), *citing Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).

One way the courts have facilitated Congress' intent is by making certain that employer duties are an integral part of FELA, even though they are not specifically mentioned in the statute. *Ackley,* 820 F.2d at 266 n. 5. One such employer duty is the duty to promulgate and enforce safety rules. *See Ybarra v. Burlington N., Inc.,* 689 F.2d 147, 150 (8th Cir.1982);

*see also Ackley,* 820 F.2d at 268. However, in the *Ybarra* case, the instruction did make it clear that this duty to promulgate and enforce safety rules is governed by the duty of reasonable care. The acceptable instruction in the *Ybarra* case was as follows:

Now, it was the duty of the defendant railroad to make and to publish to its employees such sufficient and necessary rules and regulations and prescribe such proper and adequate procedures for them to follow as reasonable care required under the circumstances then and there existing. In other words, the railroad has a duty to exercise reasonable care for the protection of its employees.

*Id.* at 150 n. 1. It is obvious that the instruction given in the instant case lacks the key language regarding the duty of reasonable care that is found in the *Ybarra* instruction. This difference is enough to make the given instruction improper because it misstates the law and misleads the jury. *See Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87, 90 (Tex.1973).

The jury was only asked one question to determine liability. In that question, the jury was simply asked to determine whether it was the Railway's negligence, Stokes' negligence, or a combination of the two that caused this accident to occur. The one broad question reads as follows:

Did the negligence, if any, of those named below cause in whole or in part the injury in question?

Answer "Yes" or "No" for each of the following:

a. THE KANSAS CITY SOUTHERN RAILWAY COMPANY _____

b. EVERETT STOKES _____

In response to this broad question, the jury answered "Yes" to negligence on the part of the Railway and "No" to negligence on the part of Stokes.

 Throughout the charge, the jury was given many instructions and definitions explaining the parties' duties. The jury was not required to state which duty it ultimately found the Railway had breached. While most of the instructions given were proper statements of the Railway's duties, by including this improper instruction the jury was given an additional, alternative ground on which to base the Railway's negligence.

It is fundamental to our system of justice that parties have the right to be judged by a jury properly instructed in the law.... [W]hen a jury bases a finding of liability on a single broad-form question that commingles invalid theories of liability with valid theories, the appellate court is often unable to determine the effect of this error.... To hold this error harmless would allow a defendant to be held liable without a judicial determination that a factfinder actually found that the defendant should be held liable on proper, legal grounds.

*Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 379 (Tex. 2000). Because of the way this charge was drafted, it is impossible for us to determine that the jury's answer was not based on this improperly submitted duty instruction. Given this, we must find that this improper instruction was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See id.* at 388–89.

 Stokes argues that even if the charge contained error, the amount of damages should not be disturbed, because the Railway did not challenge this amount on appeal. In the case that Stokes cites for this proposition, an instruction for the mitigation of damages was erroneously refused, and the court held that the case should be sent back for a limited remand only to determine this question. *Missouri Pac. R.R. v. Whitehead,* 862 S.W.2d 632, 635–36 (Tex.App.-Tyler 1993, no writ). The *Whitehead* court reasoned that when

an erroneous jury instruction does not prejudice the jury's findings of contributory negligence and liability, or the rights of the defendant, the plaintiff should not have to relitigate those issues. *See id.* at 636, *citing Trejo v. Denver & Rio Grande W. R.R. Co.,* 568 F.2d 181, 185 (10th Cir.1977). However, in this case the finding of damages cannot be separated from the erroneous jury instruction. The entire case, including the damages finding, must be set aside.

It is not necessary to address the other points of error raised on appeal. The judgment is reversed, and the case is remanded for a new trial.