**Opinion issued September 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00583-CV

———————————

**DONALD SEEBERGER, Appellant**

**V.**

**BNSF RAILWAY COMPANY, Appellee**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-67871**

## MEMORANDUM OPINION

Appellant, Donald Seeberger, sued appellee, BNSF Railway Company, under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51-60. On appeal, Seeberger contends that the trial court erred by granting his motion for new

trial only as to damages, but not liability. We affirm the judgment of the trial court.

## BACKGROUND

Seeberger is a railroad conductor for BNSF. In 2008, he stepped into a hole while working at a BNSF rail yard and injured his left knee. His knee later required surgery.

### A. The first trial

Seeberger sued BNSF, alleging that "[t]he injuries to Plaintiff were due in whole or in part to the negligence of Defendant, its agents, servants or employees acting in the course and scope of their employment." Seeberger's petition also alleged that "Defendant failed to provide Plaintiff with a reasonably safe place to work, failed to properly inspect Plaintiff's work area, failed to maintain and repair Plaintiff's work area, and failed to warn Plaintiff of the dangerous conditions."

At the conclusion of the first trial, the jury found that the negligence of both Seeberger and BNSF caused the injury, and allocated 70% responsibility to Seeberger and 30% responsibility to BNSF. The jury's total damages award of $41,500 did not include compensation for any past or future physical pain, mental anguish, or physical impairment.

Seeberger filed a motion for new trial, complaining that the jury's failure to award damages for pain, mental anguish, or physical impairment was against the

2

great weight and preponderance of the uncontroverted evidence and requesting a new trial on liability and damages. The trial court agreed that the evidence was factually insufficient, "conclud[ing] that the jury's answer for past pain and mental anguish is (1) so against the great weight and preponderance of the evidence as to be manifestly unjust, and (2) completely lacking any probative facts for support." Over Seeberger's objection, however, the trial court granted his motion only in part, ordering a new trial limited to damages. In its order, the court explained,

> The question of pain and mental anguish damages is interwoven with the question of past medical expenses, physical impairment, and lost earning capacity. Some of the same evidence establishing these other damage categories is also probative of the amount and extent of pain and anguish the plaintiff may have experienced. Therefore, the Court concludes that the new trial should not be limited to the amount of past pain and mental anguish damages plaintiff allegedly suffered. Instead, the new trial shall extend to all damage categories pleaded by the plaintiff and supported by the evidence, not just past pain and mental anguish. But the damages that plaintiff suffered is not so interwoven with the determinations of negligence or percentage responsibility as to require a new trial on those issues; instead, the Court concludes that a partial new trial, limited to damages, will be sufficient.

**B. The second trial**

At the beginning of the second trial, Seeberger objected again to limiting the trial to only damages, and not liability. The trial court overruled that objection. The second jury then awarded Seeberger $202,600 in total damages, which included an award for past and future pain and mental anguish.

3

Seeberger filed a motion for entry of final judgment on that verdict requesting that the court apply the liability percentages from the first trial to the damages found in the second trial and sign a final judgment. The motion to enter judgment did not indicate Seeberger's disagreement with the proposed disposition, nor did it indicate that he intended to appeal. The attached proposed final judgment, however, recited that Seeberger "APPROVED AS TO FORM ONLY; PLAINTIFF DISAGREES WITH THE RESULT OF THE JUDGMENT AND INTENDS TO CHALLENGE THE JUDGMENT ON APPEAL." The trial court signed that proposed final judgment.

Seeberger filed a motion for new trial from that judgment, reurging his complaint that it was error to order a new trial limited to damages. That motion was overruled by operation of law.

## ISSUES ON APPEAL

Seeberger timely appealed, arguing that the "trial court erred by limiting its grant of a new trial in a personal injury case to damages only in contravention of Tex. R. Civ. P. 320." In response, BNSF contends that (1) separate trials are permitted by federal law in this case, and (2) Seeberger waived his right to appeal from the trial court's judgment by filing an unqualified motion for entry of judgment.

**WAIVER**

We begin with the threshold issue of waiver. BNSF contends Seeberger has waived his right to appeal "because Seeberger is challenging a judgment that he asked the trial court to enter." Seeberger responds that he "clearly apprised the trial court that he disagreed with the content and result of the judgment, intended to appeal it, and therefore did not waive his right to an appeal." We agree with Seeberger.

## A. Applicable Law

Generally, a party who files a motion for rendition of a judgment waives its right to complain about that judgment. *See Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex. 1984). When a party asks the trial court to render judgment for a particular amount, and the court renders judgment for that amount, that party cannot challenge the judgment on appeal. *Casu v. Marathon Ref. Co.*, 896 S.W.2d 388, 389 (Tex. App.—Houston [1st Dist.] 1995, pet. denied) (citing *Transmission Exch., Inc. v. Long.*, 821 S.W.2d 265, 275 (Tex. App.—Houston [1st Dist.] 1991, writ denied)).

The supreme court has recognized, however, that "[t]here must be a method by which a party who desires to initiate the appellate process may move the trial court to render judgment without being bound by its terms." *First Nat'l Bank v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989) (per curiam). Following a jury verdict in

plaintiffs' favor on liability but awarding no damages, the plaintiffs in *Fojtik* filed

a motion for judgment stating,

> While Plaintiffs disagree with the findings of the jury and feel there is
> a fatal defect which will support a new trial, in the event the Court is
> not inclined to grant a new trial prior to the entry of judgment,
> Plaintiffs pray the Court enter the following judgment. Plaintiffs agree
> only as to the form of the judgment but disagree and should not be
> construed as concurring with the content and result.

*Id*. The supreme court characterized this as an appropriate exercise of the

plaintiffs' right to initiate the appellate process. *Id*.

The *Fojtik* court distinguished its facts from those presented in *Litton*

*Industrial Products Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex. 1984). In *Litton*,

the defendant moved for judgment in the amount of actual damages found by the

jury and attempted to reserve in a separate trial brief the right to "challenge any

adverse judgment based upon the verdict." *Litton Indus.*, 668 S.W.2d at 321–22.

The supreme court "disapproved" of the defendant's attempt to have it "both

ways" by "induc[ing] the trial court on the one hand to render a judgment, but

reserv[ing] in a brief the right for the movant to attack the judgment if the court

grants the motion." *Id*. at 322. Ultimately, the court concluded that the trial brief

was not properly a part of the appellate record and, as a result, the appellant's

reservation was not in the record and could not be considered. *Id.* at 322.

In applying *Fojtik*, we have not required specific language be used to reserve

a right to appeal, but instead have focused on whether the trial court was made

6

aware that the party requesting judgment be entered disagreed with the judgment. *E.g.*, *Andrew Shebay & Co. P.L.L.C. v. Bishop*, ___ S.W.3d ___, ___ , 2013 WL 1844213, at *1 (Tex. App.—Houston [1st Dist.] May 2, 2013, pet. filed) (holding that "clear objections in the trial court or post-trial proceedings evidencing disagreement with the judgment are sufficient" to preserve right to appeal, even if proposed judgment states it is "approved as to substance and form"); *Beal Bank, SSB v. Biggers*, 227 S.W.3d 187, 191 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("Although the Bank's reservation of its right to appeal the judgment would have been clearer had it followed the language in *Fojtik*, we conclude that the Bank's motion was sufficient by its equivocal language and the statement of approval as to form only to indicate that its alternative request was made in deference to the trial court's expressed construction of the guaranty contract and was not a motion for judgment in that amount.").

## B. Application

Relying primarily on *Casu v. Marathon Refining Co.*, 896 S.W.2d 388 (Tex. App.—Houston [1st Dist.] 1995, pet. denied), a pre-*Fojtik* case, BNSF argues that "Seeberger's motion for entry of judgment is unqualified and did not 'express any disagreement with the content or result of the judgment' that he is now challenging on appeal" and that "an unqualified motion for judgment waives the right to attack that judgment, regardless of what the party notes on the proposed judgment itself."

In *Casu*, the appellant filed a motion to enter judgment and a proposed judgment without any language indicating it intended to challenge the judgment on appeal. *Casu*, 896 S.W.2d at 389–90. We held that the fact that the appellant requested that the judgment be entered, without any indication that the appellant disagreed with the judgment, waived appellant's right to appeal the judgment. *Id*. at 389.

We agree with Seeberger that *Casu* is distinguishable. BNSF's singular focus is on the lack of a reservation of right to appeal in Seeberger's motion for entry of judgment. But a review of the entire record and circumstances is more appropriate in determining whether a party moving for judgment has waived its right to appeal. For example, in *DeClaris Associates v. McCoy Workplace Solutions, L.P.*, the court was faced with both a proposed judgment entitled "Agreed Judgment" that had been signed by counsel for both parties as "approved to both form and substance" and a joint motion for entry of judgment, but ultimately the court concluded that "[u]nder the circumstances" there was not sufficient indication that "the parties had reached an agreement regarding disposition or that [appellant] waived its right to appeal the judgment." 331 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The court explained that the circumstances as a whole had to be taken into account,

> Here, DeClaris did not include a disclaimer in the joint motion as recommended in *Fojtik*. However, given the consistently contested nature of the proceedings, as well as the simplicity of the issues involved—a single breach-of-contract claim went to the jury on which

8

DeClaris completely lost—it is unlikely that the judge or McCoy was misled into thinking DeClaris did not plan to appeal simply because DeClaris joined McCoy's motion for judgment. *Cf. Nipper–Bertram Trust v. Aldine I.S.D.*, 76 S.W.3d 788, 794 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding record did not demonstrate disagreement with judgment where party did not file motion for new trial and counsel acknowledged in oral argument that party affirmatively agreed to judgment). The judge had, in fact, already ruled against DeClaris's positions on the few key issues several times (denying DeClaris's motions for summary judgment and directed verdict and overruling its objections to the charge). The trial court had made its rulings, and DeClaris had consistently expressed disagreement with those rulings. *Cf. In re Bahn*, 13 S.W.3d 865, 875 (Tex. App.—Fort Worth 2000, orig. proceeding) ("A party should not be estopped from challenging a court's order when the party provides to the court a proposed order following what it believes was the court's ruling at the hearing, and the court signs it."); *John Masek Corp. v. Davis*, 848 S.W.2d 170, 174–75 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (holding that "merely provid[ing] a draft judgment to conform to what the court had announced would be its judgment" does not result in waiver of an appeal).

In short, by joining the motion for judgment under the circumstances of this case, DeClaris cannot be said to have invited the trial court into error. *See John Masek*, 848 S.W.2d at 174–75. As suggested in *Fojtik*, DeClaris was clearly desirous of initiating the appellate process and therefore moved the court to render judgment according to the court's prior rulings on the simple issues involved. 775 S.W.2d at 633. DeClaris did not waive its right to appeal.

*Id*. at 567 (footnote omitted).

While Seeberger did not reserve a right to appeal in his motion for entry of judgment, his proposed judgment—signed by the court as the final judgment—contained an endorsement making clear his intention to appeal the judgment,

9

APPROVED AS TO FORM ONLY; PLAINTIFF DISAGREES WITH THE RESULT OF THE JUDGMENT AND INTENDS TO CHALLENGE THE JUDGMENT ON APPEAL

Moreover, Seeberger repeatedly made the court aware that he disagreed with its decision to order a new trial only as to damages. After the first trial, the trial court asked for, and considered, additional briefing from both parties about the appropriate scope of any new trial. In both his first motion for new trial and his subsequent briefing, Seeberger argued that a new trial on both liability and damages was required. After the trial court granted a new trial only as to damages, Seeberger's counsel objected at the beginning of the second trial, stating that "for purposes of preserving the record," he wanted to again reiterate Seeberger's view that the new trial should include liability. The court's response demonstrates that it was aware of Seeberger's objection:

> Well, it's on the record; and then, you already have your motion on file and the order from the Court. So it would seem that you have preserved your record; but if there's something else you need to preserve about it, fine. The objection is overruled. The request for a full trial is denied. We are going to try the case on damages, but for all damages, not just limited to pain and suffering.

Following the second trial, Seeberger again filed a motion for new trial, arguing again that the trial court erred in limiting the second trial to damages only, and requesting that the "trial court grant him a new trial on both liability and damages."

On this record, Seeberger cannot be said to have invited the trial court into error, *John Masek Corp. v. Davis*, 848 S.W.2d 170, 174–75 (Tex. App.—Houston

10

[1st Dist.] 1992, writ denied); nor does the record reflect that "the judge or [appellee] was misled into thinking [he] did not plan to appeal." *DeClaris Assocs.*, 331 S.W.3d at 561. Rather, Seeberger noted his objection on the proposed judgment by limiting approval to form only, which "does not waive any error in the proceedings or incident to the judgment itself," *Cisneros v. Cisneros*, 787 S.W.2d 550, 552 (Tex. App.—El Paso 1990, no writ), and lodged "clear objections in the trial court [and] post-trial proceedings evidencing disagreement with the judgment." *Andrew Shebay & Co., P.L.L.C.*, __ S.W.3d at __, 2013 WL 1844213, at *1.

Seeberger did not waive his right to appeal.

## LIMITED NEW TRIAL

We thus turn to the merits of Seeberger's appeal. In a single issue, Seeberger asserts that the trial court erred by limiting its grant of a new trial to damages only.

### A. Applicable Law

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court's

11

clear failure to analyze or apply the law correctly constitutes an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding); *Cayton v. Moore*, 224 S.W.3d 440, 445 (Tex. App.—Dallas 2007, no pet.).

"As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal." *St. Louis Sw. Ry. Co. v. Dickerson*, 470 U.S. 409, 411, 105 S. Ct. 1347 (1985); *Mitchell v. Mo-Kan.-Tex. R.R. Co.*, 786 S.W.2d 659, 661 (Tex. 1990) (on reh'g). Rule 320 of the Texas Rules of Civil Procedure provides that "a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested." The Tyler Court of Appeals has concluded, however, that the right to not have to relitigate liability issues under FELA is "too substantial a part of the rights accorded by the Act to permit it to be classified as a mere 'local rule of procedure.'" *Mo. Pac. R.R. Co. v. Whitehead*, 862 S.W.2d 632, 636 (Tex. App.—Tyler 1993, writ dism'd) (citing *Dice v. Akron, Canton & Youngstown R.R. Co.*, 342 U.S. 359, 363, 72 S. Ct. 312, 315 (1952)).

Federal courts recognize partial new trials may be proper if "it clearly appears that the issue to be retried is so distinct and separate from the others that a trial of it alone may be without injustice." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1242 (5th Cir. 1985) (citing *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500, 51 S. Ct. 513, 515 (1931) and *Lucas v. American Mfg. Co.*,

12

630 F.2d 291, 294 (5th Cir. 1980)); *cf. Kan. City S. Ry. Co. v. Stokes*, 20 S.W.3d 45, 51 (Tex. App.—Texarkana 2000, no pet.) (recognizing that, in a FELA case, it may be appropriate to remand only a portion of the case for a new trial, but declining to do so on facts presented because "the finding of damages cannot be separated from the erroneous jury instruction.").

## B. Application

Seeberger notes that FELA is a remedial and humanitarian statute. *See generally King v. S. Pac. Transp. Co.*, 855 F.2d 1485, 1490 & n.1 (10th Cir. 1988) (describing purposes of FELA and its supplements and amendments, which are to be "construed liberally to carry out their remedial and humanitarian purposes")). And he emphasizes that "partial reversals and remands in FELA cases are not favored unless it conclusively appears that such a disposition will not prejudice the party which has not prevailed on appeal." *Blue v. W. Ry. of Ala.*, 469 F.2d 487, 497 (5th Cir. 1972). Accordingly, Seeberger asserts, "the trial court had an obligation to apply FELA in a way which compassionately considered his interest, as long as BNSF's interests were not unfairly prejudiced."

In response, BNSF argues that this case squarely meets the requirements for a damages-only retrial under federal law, i.e., the "issue to be retried is distinct and separable from the other issues," and the "other party will not be prejudiced by a partial retrial." BNSF contends that the trial court was correct in determining that

damages were not so intertwined with liability as to require a new trial, and it points out that Seeberger has not articulated how he was prejudiced by a partial retrial.

We agree with BNSF that Seeberger has not demonstrated that the trial court abused its discretion in ordering a partial retrial. Seeberger acknowledges that partial retrials are permissible under FELA, but contends that, given the purposes behind FELA, partial retrials should only be granted when the plaintiff—rather than the defendant—benefits from that approach. In support, he cites several cases in which partial retrials have been permitted at the plaintiffs' request. *E.g.*, *Trejo v. Denver & Rio Grande W. R.R. Co.*, 568 F.2d 181, 185 (10th Cir. 1977) ("The erroneous instructions regarding damages in no way prejudiced [the liability] finding, and the Company is not entitled to a second chance to convince another jury that it was not negligent."); *Paluch v. Erie Lackawanna R. Co.*, 387 F.2d 996, 1000 (3d Cir. 1968) ("Since the issue of damages in this case is distinct and separable from the issue of liability, and since the interests of justice will be best served by doing so, a new trial will be ordered restricted to the issue of damages."); *Crador v. Boh Bros., Inc*, 473 F.2d 1040, 1041 (5th Cir. 1973) ("Finding that a partial reversal and remand will prejudice the position of neither party, *see Blue Western Railway of Alabama*, [469 F.2d at 487], we remand solely for a redetermination of damages.").

14

While it is usually the plaintiff who benefits from not having to relitigate liability, we do not find Seeberger's argument that partial remands are only appropriate when the plaintiff benefits to be supported by the cases he cites. Rather, as the trial court noted here, the relevant question is whether the issues are separable, and whether the party seeking a full retrial would be prejudiced by a partial retrial. *Williams v. Slade*, 431 F.2d 605, 608 (5th Cir. 1970) (citing *Gasoline Prods.*, 283 U.S. at 500).

Full retrials have been required when erroneous jury instructions rendered it impossible to determine what the jury's verdict would have been based on a correct charge. *See Rivera v. Farrell Lines, Inc*, 474 F.2d 255, 259 (2d Cir. 1973) ("Since we are left in the dark as to what the total award would have been absent the finding of contributory negligence and the extent to which that finding affected the verdict, as well as to whether there will be such a finding on a property charge, we remand for a new trial on all issues."). A full retrial may also be required if circumstances "indicate the possibility of a compromise verdict" or "jury misconduct." *Levesque v. Marine Drilling Co*., 783 F. Supp. 302, 306 (E.D. Tex. 1992) (citing *Hadra v. Herman Blum Consulting Eng'rs*, 632 F.2d 1242 (5th Cir. 1980)).

In this case, the first jury found both Seeberger and BNSF at fault, apportioned 70% fault to Seeberger and 30% fault to BNSF, and awarded

15

Seeberger $41,500 in total damages, which did not include any amounts for pain and suffering. The second jury, which considered damages only, awarded Seeberger $202,600 in total damages, which included damages for pain and suffering. The court's final judgment reduced the total damages by the 70% contributory negligence found by the first jury.

While Seeberger asserts generally in his brief that the second jury should have revisited liability and percentages of fault because the "issues of liability and damages are intertwined," he does not explain how the jury's determination about the amount of damages suffered would have required it to consider evidence of fault. And he does not articulate how he was prejudiced by the court's refusal to order a new trial on the issue of liability, other than the fact that the percentages found by the first jury were not as favorable as he would have liked.[1]

The trial court did not abuse its discretion in concluding that the questions of liability and percentages of fault were separate from the issue of Seeberger's total damages. And neither party has demonstrated any prejudice flowing from a partial retrial.

Lastly, Seeberger contends that Texas procedural law prohibits a partial retrial in this context. *See* TEX. R. CIV. P. 320 ("[A] separate trial on unliquidated

---

[1] As BNSF notes, Seeberger has not challenged the legal or factual sufficiency of the evidence to support the first jury apportionment of fault, nor has he argued that the jury was not properly instructed or charged on this issue.

damages alone shall not be ordered if liability issues are contested."). While Seeberger concedes that the Tyler Court of Appeals in *Missouri Pacific Railroad Co. v. Whitehead*, 862 S.W.2d 632, 636 (Tex. App.—Tyler 1993, writ dism'd) held that rule 320 does not prohibit a partial new trial in a FELA case, he again argues that result was driven by the court's desire to "protect the injured railroad worker from unfair prejudice." While the *Whitehead* court was focused on the rights of the plaintiff—the party seeking to limit retrial to damages only in that case—we read *Whitehead* as recognizing that federal rules governing retrials in FELA are substantive and should be followed by state courts in FELA cases, not as carving out a different rule that only plaintiffs were entitled to benefit from partial retrials. *See Whitehead*, 862 S.W.2d at 636 ("[I]t is the opinion of this Court that the rights of the railroad employees to not have to relitigate liability issues under these circumstances, by federal interpretation, has become bound up with substantive rights and is 'too substantial a part of the rights accorded by the Act to permit it to be classified as a mere local rule of procedure.'" (quoting *Dice v. Akron, Canton & Youngstown R. Co.*, 342 U.S. 359, 363 (1952)). Seeberger has not demonstrated that rule 320 prohibits a partial retrial in these circumstances.

We overrule Seeberger's sole issue.

17

**CONCLUSION**

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.