NO. 07-02-0069-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 2, 2003


______________________________



GARY RICHARD SWEARINGEN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 4337; HON. DAVID M. MCCOY, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Appellant, Gary Richard Swearingen, appeals his conviction for aggravated sexual
assault of a child. Via five points, he contends that 1) the evidence is factually insufficient
to support the jury's verdict, 2-4) the trial court erred in admitting testimony by the victim
of subsequent sexual acts against her, and 5) the trial court erred in denying his request
to charge the jury on the lesser-included offense of sexual assault. We affirm the judgment
of the trial court. 

Background


 In the spring of 2000, the complainant, who was 13 years old at the time, became
friends with appellant's 15-year-old daughter, Amy. During the summer of that year, the
complainant spent most nights at Amy's house. The members of that household included
appellant, his daughter Amy, his son Jonathan, and Amy's 27-year-old boyfriend Paul. 

 Around July 17, 2000, in the evening and while Amy and Paul were alone together
in Amy's bedroom, the complainant played downstairs on a computer. Appellant
approached and led her into his own bedroom. Once there, he began to kiss and fondle
the child. The girl asked him to stop, and he did. However, similar events occurred the
following evening. Again, Amy and Paul expressed their desire to be alone in Amy's
bedroom and fulfilled those desires. This left the complainant alone downstairs with
appellant. And, as before, he led the child to his bedroom. This time, however, he did not
simply kiss and fondle the girl. Rather, he inserted his finger into her and then engaged
in sexual intercourse with her. The two engaged in like acts over the remainder of the
youth's stay with appellant, i.e. until her aunt removed her from the house. Moreover, after
the two began having intercourse but before the complainant's removal from the
household, appellant informed the 13-year-old girl that she was to marry him. So too did
he write her various missives about love, his love for her, and marriage.

 We address appellant's points in reverse order. 

Point Five - Lesser-Included Offense


 Appellant contends, through his fifth and final point, that the trial court erred in
failing to instruct the jury on the lesser-included offense of sexual assault. However,
during oral argument, he conceded that the instruction was indeed incorporated into the
charge. Our review of the record confirms this. Thus, the point is overruled.

Points Two, Three and Four - Admission of Extraneous Bad Acts


 Via points two through four, appellant challenges the admissibility of the
complainant's testimony about the other acts of sexual intercourse in which she engaged
with appellant after July 17th. This evidence was allegedly inadmissible because 1) it was
irrelevant, 2) it constituted evidence of extraneous offenses under Texas Rule of Evidence
404, and 3) its probative value was greatly outweighed by its prejudicial effect, as per Rule
of Evidence 403. We overrule the points for the trial court did not abuse its discretion in
admitting the evidence. See Montgomery v. State, 810 S.W.2d 372, 378 (Tex. Crim. App.
1990). 

 As to the issues of relevance and Rule 404 (generally prohibiting the admission of
evidence of extraneous offenses), we note article 38.37 of the Texas Code of Criminal
Procedure. The statute applies to prosecutions for sexual offenses (among others)
committed against children under 17 years of age, like that involved here. Tex. Code
Crim. Proc. Ann. art. 38.37 §1 (Vernon Supp. 2003). Through it, the legislature declared
that "[n]otwithstanding Rules 404 and 405" of the Texas Rules of Evidence, "evidence of
other crimes, wrongs, or acts committed by the defendant against the child who is the
victim  . . . shall be admitted for its bearing on relevant matters, including . . . the previous
and subsequent relationship between the defendant and the child." Id. art. 38.37 §2(2). 
Given this statute, the testimony of the child victim at bar was relevant and admissible,
notwithstanding appellant's invocation of Rule 404. McCoy v. State, 20 S.W.3d 50, 54
(Tex. App.--Amarillo 1999, no pet.); Lincicome v. State, 3 S.W.3d 644, 649 (Tex. App.--
Amarillo 1999, no pet.). This is so because it described, at the very least, the subsequent
relationship between appellant and the complaining witness. 

 As to the contention that the prejudicial effect of the testimony substantially
outweighed its probative value, see Tex. R. Evid. 403 (allowing the exclusion of relevant
evidence under those circumstances), we note that appellant denied committing the
offense for which he was tried. So too did he endeavor to discredit the complaining
witness's testimony inculpating him. Given this, proof that tended to corroborate the
accusation became highly relevant. Furthermore, the evidence that appellant sexually
assaulted the child on other occasions when coupled with 1) his desire to marry the child,
2) his love poems and like professions of love to her, and 3) authorizing his 15-year-old
daughter to marry a 27-year-old male, tended to do just that. At the very least, it illustrated
appellant's relationship with the complainant, the nature of the household he maintained,
and the setting in which the complainant lived while there. It also permitted one to
reasonably infer that he had lesser inhibitions when it came to older males sexually and
emotionally interacting with female children in his care. Thus, having subjected the girl to
other sexual assaults while professing his love to her and allowing his own 15-year-old
daughter to engage in emotional, if not sexual, relationships with adult men tends to credit
the complainant's testimony that he committed the assault alleged in the indictment. As
such, we cannot say that any decision rejecting the notion that the potentially undue
prejudice of the evidence substantially outweighed its probative value would fall outside
the zone of reasonable disagreement. See McCoy v. State, 10 S.W.3d at 54. Thus, we
find no abused discretion in the trial court's decision viz Rule 403.

Point One - Factual Sufficiency of the Evidence


 In the final point that we consider, appellant argues that the evidence was factually
insufficient to support the finding of guilt. He apparently believes this to be so because the
sole testimony of sexual assault came from the complainant, and her testimony was not
free of inconsistency. We overrule this point as well.

 First, appellant did not explain, while developing this point of error, how the
complainant's testimony was inconsistent, ambiguous, or unbelievable. Such an
explanation was required by Texas Rule of Appellate Procedure 38.1(h). Thus, he failed
to adequately brief and preserve the point. Elam v. State, 841 S.W.2d 937, 940 (Tex.
App.--Austin 1992, no pet.) (holding that mere citation of authority without discussion of
the facts showing error is insufficient argument and that mere references to record pages
does not sufficiently identify the actions of which complaint is made). 

 Second, the testimony of a child victim alone may be sufficient to sustain a
conviction. See Mallet v. State, 9 S.W.3d 856, 864 (Tex. App.--Fort Worth 2000, no pet.)
(holding that in a sexual assault case, the child victim's testimony alone is sufficient to
support a conviction); O'Hara v. State, 837 S.W.2d 139, 141-42 (Tex. App.--Austin 1992,
pet. ref'd) (holding the same). Here, that child victim testified that appellant took her to his
bedroom, fondled her, disrobed her, dropped his pants, and inserted his penis into her
vagina at a time when she was 13 years old and not his spouse. That is some evidence
upon which a rational jury could find beyond reasonable doubt that he intentionally and
knowingly committed aggravated sexual assault. See Tex. Pen. Code Ann.
§22.021(a)(1)(B)(i) (Vernon Supp. 2003) (describing the elements of aggravated sexual
assault). 

 Yet, we also have before us evidence that he did this on other occasions during a
period in which he professed his love to her and his desire to marry her. This is further 
matter which a jury could consider in assessing whether appellant committed the crime
with which he was charged. And, that there may have been inconsistencies in the
evidence simply presented opportunity for the jury to fulfill its function as factfinder and the
sole judge of the witness's credibility. It did not render the verdict clearly wrong or
manifestly unjust. See King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000)
(discussing the standard of review applicable to claims of factual insufficiency); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (discussing same). 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 

 

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.
Gov't code ann. §75.002(a)(1) (Vernon 1998).