NO. 07-02-0069-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 2, 2003
_____

GARY RICHARD SWEARINGEN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4337; HON. DAVID M. MCCOY, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Appellant, Gary Richard Swearingen, appeals his conviction for aggravated sexual assault of a child. Via five points, he contends that 1) the evidence is factually insufficient to support the jury's verdict, 2-4) the trial court erred in admitting testimony by the victim of subsequent sexual acts against her, and 5) the trial court erred in denying his request to charge the jury on the lesser-included offense of sexual assault. We affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 1998).

***Background***

In the spring of 2000, the complainant, who was 13 years old at the time, became friends with appellant's 15-year-old daughter, Amy. During the summer of that year, the complainant spent most nights at Amy's house. The members of that household included appellant, his daughter Amy, his son Jonathan, and Amy's 27-year-old boyfriend Paul.

Around July 17, 2000, in the evening and while Amy and Paul were alone together in Amy's bedroom, the complainant played downstairs on a computer. Appellant approached and led her into his own bedroom. Once there, he began to kiss and fondle the child. The girl asked him to stop, and he did. However, similar events occurred the following evening. Again, Amy and Paul expressed their desire to be alone in Amy's bedroom and fulfilled those desires. This left the complainant alone downstairs with appellant. And, as before, he led the child to his bedroom. This time, however, he did not simply kiss and fondle the girl. Rather, he inserted his finger into her and then engaged in sexual intercourse with her. The two engaged in like acts over the remainder of the youth's stay with appellant, *i.e.* until her aunt removed her from the house. Moreover, after the two began having intercourse but before the complainant's removal from the household, appellant informed the 13-year-old girl that she was to marry him. So too did he write her various missives about love, his love for her, and marriage.

We address appellant's points in reverse order.

***Point Five – Lesser-Included Offense***

Appellant contends, through his fifth and final point, that the trial court erred in failing to instruct the jury on the lesser-included offense of sexual assault. However,

2

during oral argument, he conceded that the instruction was indeed incorporated into the charge. Our review of the record confirms this. Thus, the point is overruled.

### *Points Two, Three and Four – Admission of Extraneous Bad Acts*

Via points two through four, appellant challenges the admissibility of the complainant's testimony about the other acts of sexual intercourse in which she engaged with appellant after July 17th. This evidence was allegedly inadmissible because 1) it was irrelevant, 2) it constituted evidence of extraneous offenses under Texas Rule of Evidence 404, and 3) its probative value was greatly outweighed by its prejudicial effect, as per Rule of Evidence 403. We overrule the points for the trial court did not abuse its discretion in admitting the evidence. *See Montgomery v. State,* 810 S.W.2d 372, 378 (Tex. Crim. App. 1990).

As to the issues of relevance and Rule 404 (generally prohibiting the admission of evidence of extraneous offenses), we note article 38.37 of the Texas Code of Criminal Procedure. The statute applies to prosecutions for sexual offenses (among others) committed against children under 17 years of age, like that involved here. TEX. CODE CRIM. PROC. ANN. art. 38.37 §1 (Vernon Supp. 2003). Through it, the legislature declared that "[n]otwithstanding Rules 404 and 405" of the Texas Rules of Evidence, "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim . . . shall be admitted for its bearing on relevant matters, including . . . the previous and subsequent relationship between the defendant and the child." *Id.* art. 38.37 §2(2). Given this statute, the testimony of the child victim at bar was relevant and admissible, notwithstanding appellant's invocation of Rule 404. *McCoy v. State,* 20 S.W.3d 50, 54

3

(Tex. App.—Amarillo 1999, no pet.); *Lincicome v. State,* 3 S.W.3d 644, 649 (Tex. App.—Amarillo 1999, no pet.). This is so because it described, at the very least, the subsequent relationship between appellant and the complaining witness.

As to the contention that the prejudicial effect of the testimony substantially outweighed its probative value, *see* TEX. R. EVID. 403 (allowing the exclusion of relevant evidence under those circumstances), we note that appellant denied committing the offense for which he was tried. So too did he endeavor to discredit the complaining witness's testimony inculpating him. Given this, proof that tended to corroborate the accusation became highly relevant. Furthermore, the evidence that appellant sexually assaulted the child on other occasions when coupled with 1) his desire to marry the child, 2) his love poems and like professions of love to her, and 3) authorizing his 15-year-old daughter to marry a 27-year-old male, tended to do just that. At the very least, it illustrated appellant's relationship with the complainant, the nature of the household he maintained, and the setting in which the complainant lived while there. It also permitted one to reasonably infer that he had lesser inhibitions when it came to older males sexually and emotionally interacting with female children in his care. Thus, having subjected the girl to other sexual assaults while professing his love to her and allowing his own 15-year-old daughter to engage in emotional, if not sexual, relationships with adult men tends to credit the complainant's testimony that he committed the assault alleged in the indictment. As such, we cannot say that any decision rejecting the notion that the potentially undue prejudice of the evidence substantially outweighed its probative value would fall outside

4

the zone of reasonable disagreement. *See McCoy v. State,* 10 S.W.3d at 54. Thus, we find no abused discretion in the trial court's decision *viz* Rule 403.

### Point One – Factual Sufficiency of the Evidence

In the final point that we consider, appellant argues that the evidence was factually insufficient to support the finding of guilt. He apparently believes this to be so because the sole testimony of sexual assault came from the complainant, and her testimony was not free of inconsistency. We overrule this point as well.

First, appellant did not explain, while developing this point of error, how the complainant's testimony was inconsistent, ambiguous, or unbelievable. Such an explanation was required by Texas Rule of Appellate Procedure 38.1(h). Thus, he failed to adequately brief and preserve the point. *Elam v. State,* 841 S.W.2d 937, 940 (Tex. App.—Austin 1992, no pet.) (holding that mere citation of authority without discussion of the facts showing error is insufficient argument and that mere references to record pages does not sufficiently identify the actions of which complaint is made).

Second, the testimony of a child victim alone may be sufficient to sustain a conviction. *See Mallet v. State,* 9 S.W.3d 856, 864 (Tex. App.—Fort Worth 2000, no pet.) (holding that in a sexual assault case, the child victim's testimony alone is sufficient to support a conviction); *O'Hara v. State,* 837 S.W.2d 139, 141-42 (Tex. App.—Austin 1992, pet. ref'd) (holding the same). Here, that child victim testified that appellant took her to his bedroom, fondled her, disrobed her, dropped his pants, and inserted his penis into her vagina at a time when she was 13 years old and not his spouse. That is some evidence upon which a rational jury could find beyond reasonable doubt that he intentionally and

knowingly committed aggravated sexual assault. *See* TEX. PEN. CODE ANN. §22.021(a)(1)(B)(i) (Vernon Supp. 2003) (describing the elements of aggravated sexual assault).

Yet, we also have before us evidence that he did this on other occasions during a period in which he professed his love to her and his desire to marry her. This is further matter which a jury could consider in assessing whether appellant committed the crime with which he was charged. And, that there may have been inconsistencies in the evidence simply presented opportunity for the jury to fulfill its function as factfinder and the sole judge of the witness's credibility. It did not render the verdict clearly wrong or manifestly unjust. *See King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) (discussing the standard of review applicable to claims of factual insufficiency); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (discussing same).

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.