# ST. LOUIS SOUTHWESTERN RAILWAY CO. *v.* DICKERSON

No. 84–914.   Decided March 4, 1985

PER CURIAM.

In this case, the Missouri Court of Appeals upheld a trial court's refusal to instruct the jury in a Federal Employers' Liability Act case that its award to the plaintiff should reflect the present value of any future losses the plaintiff should sustain.   Because such an instruction is required as a matter of federal law, we reverse.

On December 11, 1978, respondent, a railroad policeman, was permanently disabled in a fall from a railroad car that he was inspecting for evidence of vandalism. Alleging that the fall was the result of petitioner's negligence, he brought suit under the Federal Employers' Liability Act (FELA), 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.*, in the Circuit Court of the city of St. Louis. Respondent introduced evidence that his future wage losses resulting from his injuries would, over the course of his lifetime, amount to somewhere in the neighborhood of $1 million.

Petitioner requested that the judge submit to the jury the following instruction:

> "If you find in favor of Plaintiff and decide to make an award for any loss of earnings in the future, you must take into account the fact that the money awarded by you is being received all at one time instead of over a period of time extending into the future and that Plaintiff will have the use of this money in a lump sum. You must, therefore, determine the present value or present worth of the money which you award for such future loss."

The trial judge refused to submit the instruction because such an instruction was not provided for in the Missouri Approved Instructions promulgated by the Supreme Court of Missouri for use in FELA cases. Accordingly, the jury instructions on damages were limited to the following:

> "If you find the issues in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a result of the fall on December 11, 1978 mentioned in the evidence. Any award you make is not subject to income tax."

The jury found that the fall was the result of petitioner's negligence and awarded respondent $1 million in damages.

The Missouri Court of Appeals affirmed. 674 S. W. 2d 165 (1984). Rejecting petitioner's contention that the failure to instruct the jury on present value was error, the court held that a present-value instruction was inappropriate as a matter of Missouri law. The court's ruling was in accord with two previous opinions of the Missouri Supreme Court holding that because the Missouri Approved Instructions do not call for a present-value instruction in FELA cases, such an instruction may not be given. *Bair* v. *St. Louis-San Francisco R. Co.*, 647 S. W. 2d 507 (en banc), cert. denied *sub nom. Burlington Northern Inc.* v. *Bair*, 464 U. S. 830 (1983); *Dunn* v. *St. Louis-San Francisco R. Co.*, 621 S. W. 2d 245 (1981) (en banc), cert. denied *sub nom. Burlington Northern R. Co.* v. *Dunn*, 454 U. S. 1145 (1982).

As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal. Although the Court's decisions in this area "point up the impossibility of laying down a precise rule to distinguish 'substance' from 'procedure,'" *Brown* v. *Western R. Co. of Alabama*, 338 U. S. 294, 296 (1949), it is settled that the propriety of jury instructions concerning the measure of damages in an FELA action is an issue of "substance" determined by federal law. *Norfolk & Western R. Co.* v. *Liepelt*, 444 U. S. 490, 493 (1980). Accordingly, petitioner's contention that it was entitled to a jury instruction on present value cannot be dismissed on the ground that such an instruction is not to be found in the Missouri Approved Instructions. Whether such an instruction should have been given is a federal question.

Not only is it a federal question, but it is also one to which existing law provides a clear answer. Nearly 70 years ago, this Court held that a defendant in an FELA case is entitled to have the jury instructed that "when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only."

*Chesapeake & Ohio R. Co.* v. *Kelly,* 241 U. S. 485, 491 (1916). The rationale for such an instruction is simple:

"The damages should be equivalent to compensation for the deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased. . . . So far as a verdict is based upon the deprivation of future benefits, it will afford more than compensation if it be made up by aggregating the benefits without taking account of the earning power of the money that is presently to be awarded. It is self-evident that a given sum of money in hand is worth more than the like sum of money payable in the future." *Id.,* at 489.

We have never disapproved of *Kelly* or its rationale. The Federal Courts of Appeals have continued to rely on *Kelly* as a definitive statement of the law applicable to FELA cases, see, *e. g., Beanland* v. *Chicago, R. I. & P. R. Co.,* 480 F. 2d 109, 115 (CA8 1973), and we have ourselves recently reaffirmed our adherence to *Kelly's* principle that damages awards in suits governed by federal law should be based on present value. See *Jones & Laughlin Steel Corp.* v. *Pfeifer,* 462 U. S. 523, 536–537 (1983). Although our decision in *Jones & Laughlin* makes clear that no single method for determining present value is mandated by federal law and that the method of calculating present value should take into account inflation and other sources of wage increases as well as the rate of interest, it is equally clear that an utter failure to instruct the jury that present value is the proper measure of a damages award is error. The Missouri courts' refusal to allow instruction of FELA juries on present value is thus at odds with federal law. The petition for a writ of certiorari is therefore granted, and the judgment is

*Reversed.*

JUSTICE POWELL took no part in the consideration or decision of this case.

JUSTICE MARSHALL, dissenting.

I continue to object to deciding cases without granting to either party an opportunity to argue the merits by either brief or oral argument. I therefore dissent.