**Jerry VERDIN, Shirley Verdin and Sonja Verdin by her next friend Jerry Verdin, Plaintiffs-Appellants,**

v.

**Stephen AGNEW and Farmers Insurance Company, Defendants-Respondents.**

**No. 50267.**

Missouri Court of Appeals, Eastern District, Division One.

July 22, 1986.

Rehearing Denied Sept. 10, 1986.

Edward C. Vancil, Clayton, for plaintiffs-appellants.

Gary P. Paul, Brinker, Doyen & Kovacs, P.C., Clayton, for defendant-respondent Farmers Ins. Group.

Robert F. Summers, Clayton, for defendant-respondent Agnew.

CARL R. GAERTNER, Presiding Judge.

Plaintiffs, Sonja Verdin and her parents, sued defendant Agnew, an uninsured motorist, and Farmers Insurance Company, Inc., plaintiffs' insurer whose coverage was undisputed, seeking damages for injuries sustained by Sonja when struck by an automobile driven by Agnew. Briefly stated, the facts are that Sonja, age 9, ran into the street as Agnew's car was approaching. His efforts to avoid striking her were unavailing and she sustained serious injuries. The case was tried in April, 1985 and submitted to the jury under the comparative fault instructions suggested by the Supreme Court Committee on Civil Jury Instructions. The jury was instructed their "verdict must be for" plaintiffs and they must "assess a percentage of fault" to Agnew if they believed he drove at an excessive speed and was thereby negligent. MAI 17.01, 17.03 (modified). They were further instructed to "assess a percentage of fault" against plaintiffs if they believed Sonja negligently failed to keep a lookout. MAI 32.01, 17.05 (modified). The jury was directed to "determine the total amount" of plaintiffs' damages if they found in favor of plaintiffs. MAI 4.01 (modified). The plaintiffs submitted and the trial court used the verdict forms patterned after the Instruction Committee's suggested modification for comparative fault verdicts. The jury returned verdicts in favor of plaintiffs, assessing Sonja's total damages at $20,000.00, the parents' damages at $10,000.00 and assessing fault 85% against Sonja and 15% against Agnew. Judgment was entered accordingly, $3,000.00 in favor of Sonja, $1,500.00 in favor of her parents.

Plaintiffs assert three points on appeal, all of which are predicated upon failure to advise the jury of the effect upon damages of the assessment of percentages of fault. First they charge trial court error in refusing to allow their attorney to explain this procedure to the jury in closing argument. Second, they contend the trial court erred in failing to instruct the jury upon the legal effect of comparative fault. Third, they argue that the trial court

should have answered a jury question by instructing the jury regarding the reduction of plaintiffs' damages by the percentage of fault assessed against them. After a searching review of the record we find none of these points have been preserved for appellate review.

■ In their brief plaintiffs state: "[i]n a conference in chambers before closing argument, counsel for plaintiffs was denied permission to explain to the jury how the final verdict would be calculated." The instruction conference, immediately preceding final argument, covers eight pages of the transcript. Included is a discussion between the court and counsel regarding the duty of the court, not the jury, to reduce any verdict against the defendant insurance company to the policy limits of the uninsured motorist coverage. Another discussion related to mention in closing argument of the failure to call a physician and whether adverse inferences might be drawn therefrom. The trial judge specifically asked "[n]ow, has anyone got any motions." The only response to this question was made by counsel for defendant insurance company who brought up the adverse inference matter. At the conclusion of the discussion regarding that issue, the trial judge against inquired "[a]nything else?" to which there was no response. "It is the duty of an appellant to furnish a transcript containing a record of proceedings which he desires to have reviewed. In the absence of such a record there is nothing for the appellate court to decide." *Cooper v. General Standard, Inc.*, 674 S.W.2d 117, 122 (Mo.App.1984). "This court is confined to the record as presented to it, *See Williams v. Clean Coverall Company, Inc.*, 613 S.W.2d 659, 664 [10] (Mo.App.1980) and will not speculate as to the content of motions not filed as part of the record." *Dickerson v. St. Louis Southwestern Railway Company*, 674 S.W.2d 165, 169 (Mo.App.1984), *rev'd on other grounds*, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985).

■ Plaintiffs' second contention is that the trial court erred in failing to instruct

the jury regarding the legal effect of the comparative negligence doctrine. With the exception of defendant Agnew's converse and affirmative defense instructions, all of the instructions given by the court, as well as the verdict forms, were submitted by plaintiffs. Plaintiffs voiced no objection to any instruction and offered no instruction different than those given. A party may not be heard on appeal to complain of error in instructions he requested, nor of the failure to give an instruction not requested. *Sullivan v. KSD/KSD–TV*, 661 S.W.2d 49, 51 (Mo.App.1983).

■ Finally, plaintiffs object to the response made by the trial court to a question asked by the jury during deliberations. After about one hour of deliberation, the court received a written question from the jury foreman: "If we agree Sonja and her parents are *mainly* but not entirely responsible for the accident, we nevertheless find the verdict to be in her favor, right? Because Agnew is partially responsible? Should any amount of damages we award be based on Agnew's percentage of responsibility?" After a discussion between the court and counsel, the court responded by referring the jury to the instructions and verdict forms previously given. The record shows this response was made "by consent and stipulation of all three counsel." On this state of the record, plaintiffs' argument on appeal regarding what the court could or should have done is belated. Failure to object promptly to the action of the trial court and to request action which the party deems appropriate is a waiver of any claim of error. *Brown v. Thomas*, 316 S.W.2d 234, 237 (Mo.App.1958).

■ Plaintiffs have appended to their brief a letter from the jury foreman which indicates his failure to understand that the total damages found by the jury would be reduced by the percentage of fault assessed against plaintiffs. "No one is competent to impeach a verdict by the making of an affidavit as to matters inherent in the verdict, such as that the juror did not understand the law as contained in the

judge's instructions...." *Maxam v. Dillon*, 674 S.W.2d 258, 260 (Mo.App.1984).

Judgment affirmed.

SMITH and SNYDER, JJ., concur.