(December 16, 1986)

■ Owen P. Dunn, Respondent, v Consolidated Rail Corporation, Appellant.—Judgment, Supreme Court, New York County (Alvin F. Klein, J.), entered October 23, 1985, which upon a jury verdict awarded plaintiff damages in the sum of $2.9 million, is unanimously modified, on the law, so as to vacate and remand the matter for a new trial solely upon the issue of damages, and is otherwise affirmed without costs.

Plaintiff, a conductor in the rear of defendant's train No. 897, was injured on September 23, 1980 when the car in which he was working derailed on the New York to Poughkeepsie run. He brought this action under the Federal Employees Liability Act (FELA) to recover damages for his serious injuries. The jury has properly determined that the accident was proximately caused by defendant carrier's negligence. However, with respect to damages, the trial court, despite defendant's appropriately noted request, failed to charge the jury that they were required to discount to present value any sum awarded for damages to accrue in the future. Defendant, on appeal, correctly cites this refusal of the trial court as error.

Even though this is a State court action, Federal substantive law under FELA is controlling. "[I]t is settled that the propriety of jury instructions concerning the measure of damages in an FELA action is an issue of 'substance' determined by federal law." *(St. Louis Southwestern Ry. v Dickerson,* 470 US 409, 411, citing *Norfolk & W. Ry. Co. v Liepelt,* 444 US 490.) Where a State trial court declines to give such an instruction to guide the jury in its assessment of damages, the result is reversible error.

In view of the foregoing, we do not reach defendant's contention that the jury's award of damages was excessive. We have examined the other points raised by defendant-appel-

lant and find them to be without merit. Concur—Murphy, P. J., Sullivan, Asch and Wallach, JJ.