PLATT et al., Appellants,

v.

CSX TRANSPORTATION, INC. et al., Appellees.

[Cite as *Platt v. CSX Transp., Inc.* (1999), 135 Ohio App.3d 280.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–99–006.

Decided Oct. 29, 1999.

Monica A. Coscia and Laurence C. Acker, for appellants.

Kathleen M. Minahan and Louis J. Licata, for appellees.

KNEPPER, Judge.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas that granted summary judgment in favor of appellees CSX Transportation, Inc., et al. on the complaint of appellants Charles and Linda Platt alleging personal injuries arising from an automobile accident. For the reasons that follow, this court reverses the judgment of the trial court.

Appellants set forth the following assignment of error:

"The trial court erred in granting defendants' motion for summary judgment in light of the material issues of fact that exist in this case, and in not analyzing this case pursuant to the FELA."

The undisputed facts that are relevant to the issues raised on appeal are as follows. On July 25, 1994, Charles Platt, employed by appellee CSX Transportation, Inc. ("CSX") as a railroad conductor, was injured in a two-vehicle collision that occurred while he was being transported by appellee D&T Limousine Service, Inc. ("D&T") from the CSX Walbridge, Ohio, yard to its Willard, Ohio, yard. Platt and his crew members were regularly required to travel between the two railroad yards, and when they did so CSX arranged for transportation by D&T. On the date of the accident, Platt was a passenger in a van driven by D&T employee Donald Baugh. As the van proceeded along Route 20, it was struck by a pickup truck driven by Sylvia Arguelles when Arguelles attempted to pull out onto the highway. As a result of the accident, Platt suffered injuries requiring medical treatment.

On May 23, 1996, Charles and Linda Platt filed a four-count complaint against CSX, D&T, Donald Baugh, and Sylvia and Ramon Arguelles, in which they claimed they suffered personal injuries and monetary damages as a result of the defendants' negligence. As to CSX, Charles Platt alleged that his employer's acts and omissions were in violation of the Federal Employers' Liability Act ("FELA"), Section 51 et seq., Title 45, U.S.Code. Platt brought his negligence claims against D&T, Baugh, and Sylvia and Ramon Arguelles pursuant to Ohio law. Linda Platt brought a derivative claim under Ohio law against D&T, Baugh, and Sylvia and Ramon Arguelles for loss of consortium. (Prior to the filing of the motion for summary judgment, the Platts' claims against Sylvia and Ramon Arguelles were settled and dismissed.)

The trial court set January 8, 1999, as the cutoff date for filing dispositive motions, and on January 15, 1999, CSX, D&T and Baugh ("appellees") filed a joint motion for leave to file a motion for summary judgment and a motion for summary judgment. The trial court granted appellees' motion.

In their motion for summary judgment, appellees asserted that the undisputed facts established that Baugh did not breach any duty owed to Platt and therefore Baugh was not negligent; since Baugh was not negligent, there was no derivative liability as to D&T; CSX had no liability because the collision that occurred when Arguelles made an illegal lane change was not a foreseeable event for purposes of FELA liability; and since Charles Platt's claims failed as a matter of law, Linda Platt's loss-of-consortium claims must also fail.

In response to appellees' motion, appellants asserted that CSX had a duty to provide Charles Platt with a safe workplace, and whether the company breached that duty was a question of fact for a jury; whether the possibility of injury was foreseeable was a question of fact for a jury; in FELA cases, a defendant's negligence need not be the sole cause of a plaintiff's injuries; they had produced evidence sufficient to establish that Baugh was speeding, was not keeping a proper lookout, did not honk his horn, and did not take adequate evasive action; and there were genuine issues of material fact that warranted submitting this case to a jury.

On February 5, 1999, the trial court filed its decision, in which it granted summary judgment in favor of appellees. In its judgment entry, the trial court found that there was no evidence from which to conclude that Baugh's actions and inactions contributed to the accident, that Baugh's speeding and failure to honk his horn did not constitute negligence *per se*, that there was no evidence from which to conclude that D&T was negligent under the doctrine of *respondeat superior*, there was no evidence that CSX's use of D&T for transportation between work sites amounted to an unsafe workplace, and that there therefore were no genuine issues of material fact and appellees were entitled to judgment as a matter of law.

In their sole assignment of error, appellants assert, as they did in their response to appellees' motion for summary judgment, that there are genuine issues of material fact as to whether Baugh's actions or failure to act constituted negligence under the FELA and whether the collision was a foreseeable event for purposes of FELA liability. Appellants further assert that the trial court, in ruling on the motion for summary judgment, did not properly apply FELA law and ignored the findings of the Supreme Court of Ohio in *Vance v. Consol. Rail Corp.* (1995), 73 Ohio St.3d 222, 652 N.E.2d 776, as to the analysis of a case brought under the FELA.

In reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can

only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

Section 1 of the FELA, Section 51, Title 45, U.S.Code, provides:

"Every common carrier by railroad * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

In *Vance, supra*, the Supreme Court of Ohio quoted the United States Supreme Court as follows:

" 'In 1906, Congress enacted the FELA to provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or their fellow employees. A primary purpose of the Act was to eliminate a number of traditional defenses to tort liability and to facilitate recovery in meritorious cases. * * * The coverage of the statute is defined in broad language, which has been construed even more broadly.' (Footnotes omitted.) *Atchison, Topeka & Santa Fe Ry. Co. v. Buell* (1987), 480 U.S. 557, 561–562, 107 S.Ct. 1410, 1413, 94 L.Ed.2d 563, 570–571." *Id.,* 73 Ohio St.3d at 227, 652 N.E.2d at 781.

In *Consol. Rail Corp. v. Gottshall* (1994), 512 U.S. 532, 543, 114 S.Ct. 2396, 2404, 129 L.Ed.2d 427, 440, the United States Supreme Court stated that it has liberally construed the FELA to further Congress's remedial goal. What constitutes negligence for purposes of the FELA is a federal question and does not vary under different conceptions of negligence under non-FELA state and local laws. *Vance, supra.* " 'Federal decisional law formulating and applying the concept governs.' " *Vance, supra,* 73 Ohio St.3d at 227, 652 N.E.2d at 782, quoting *Urie v. Thompson* (1949), 337 U.S. 163, 174, 69 S.Ct. 1018, 1027, 93 L.Ed. 1282, 1295. See, also, *St. Louis Southwestern Ry. Co. v. Dickerson* (1985), 470 U.S. 409, 411, 105 S.Ct. 1347, 1348, 84 L.Ed.2d 303, 306. "Thus, past decisions of the courts of this state setting the parameters of negligence law in Ohio are largely irrelevant to a negligence inquiry under the FELA. As a state court, we are as capable of interpreting the FELA as a federal court would be, but we apply the same federal law as the federal courts, without regard to Ohio's negligence law." *Vance, supra,* 73 Ohio St.3d at 227–228, 652 N.E.2d at 782.

A railroad may be liable under FELA for failure to provide a safe workplace "when it knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees." *Gallose v. Long Island RR. Co.* (C.A.2, 1989), 878 F.2d 80, 84–85. Reasonable care is determined in light of whether a particular danger was foreseeable. See *Gallick v. Baltimore & Ohio RR. Co.* (1963), 372 U.S. 108, 117, 83 S.Ct. 659, 665, 9 L.Ed.2d 618, 625–626. Foreseeability is not dependent, however, upon the

employer envisioning the exact injury that the employee sustains. The employer must only anticipate that some injury was possible. *Green v. River Terminal Ry.* (C.A.6, 1985), 763 F.2d 805, 808. "[Foreseeability] is a fact issue, and, 'as with all factual issues under the FELA, the right of the jury to pass on this issue must be liberally construed.'" *Syverson v. Consol. Rail Corp.* (C.A.2, 1994), 19 F.3d 824, 826, quoting *Gallose, supra,* 878 F.2d at 85.

■ In granting summary judgment to appellees in this case, the trial court, in the words of the *Syverson* court, "evidently applied a standard that would have been quite appropriate had this been a negligence action at common law." *Syverson, supra,* 19 F.3d at 828. But "under a statute where the tortfeasor is liable for death or injuries in producing which his 'negligence played any part, even the slightest,'" *Gallick, supra,* 372 U.S. at 120–121, 83 S.Ct. at 667, 9 L.Ed.2d at 628, quoting *Rogers v. Missouri Pacific RR. Co.* (1957), 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, 499, the case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff. *Syverson, supra.* In its decision granting summary judgment, the trial court did not address the obvious applicability of the FELA and related case law to this case.

After a thorough review of the entire record of proceedings in the trial court and the law, we find that there exists a genuine issue of material fact as to whether CSX knew or should have known that a potential hazard existed in the workplace and failed to exercise reasonable care to inform and protect its employees. Accordingly, appellant's sole assignment of error is well taken.

On consideration whereof, this court finds that substantial justice was not done the parties complaining, and the judgment of the Sandusky County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are assessed to appellees.

*Judgment reversed*
*and cause remanded.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.