COLEMAN, Justice,
for the Court:
¶ 1. Luther W. McLain filed suit in 2004 against Illinois Central Railroad. He alleged that Illinois Central’s negligence caused his degenerative back injury. At trial, McLain had improper contact with a juror, committed perjury on the stand, and solicited a witness to commit peijury on the stand to corroborate his story. The trial judge reserved sanctioning McLain until after the jury verdict. The jury found for McLain, assessed his damages as $150,000, and judgment was entered accordingly. Thereafter, the trial judge sanctioned McLain $500 for juror contact and $10,000 for solicitation of a witness. We affirm the existing sanctions, but we hold that the trial judge abused her discretion in failing to impose further sanctions. Given the severity of committing perjury and solicitation and the cumulative effect of the violations taken as a whole, we reverse the judgment against Illinois Central, and we render judgment here in favor of Illinois Central.
Facts and Procedural History
¶ 2. Luther McLain began working for Illinois Central Railroad (d/b/a Canadian National/Illinois Central) in 1970 and retired in 2002.[1] In 2001, McLain was diagnosed with spondylolisthesis, disc degeneration, and a disc rupture. In 2004, McLain brought the instant suit against Illinois Central claiming that Illinois Central was negligent in failing to provide McLain a safe place to work, safe methods for working, safe tools, and enough manpower. Illinois Central denied the allegations.
¶ 3. During discovery, in his deposition, McLain stated the heaviest thing he had lifted while working at Right of Way Consultants was a flag. The following exchange took place:
Q. ... [Wjhat is the heaviest thing you’ve had to pick up while working for Right of Way Consulting?
A. We have flags that we talked about the time before we set.
Q. Right. I remember that. Is the heaviest things you’ve had to pick up—
A. Yes.
Q. —while working for Right of Way?
A. Yes, sir. They — they not heavy.
When the trial began, a juror was excused because, against the trial judge’s explicit instructions, McLain started a conversation with the juror on the elevator. The juror testified to the following:
We got on the elevator together, and [McLain] said good morning. I said good morning and said it was a good day to be alive. And he made a comment and said that — I said we know what’s on this side, but we don’t know what’s on the other side. And he said that you’ve got to be stayed up, packed up and *1282 ready to go. And I said yes, sir, and that was the end of the conversation.
The trial judge reserved sanctioning on the issue until the verdict was returned. During McLain’s testimony, the following exchange took place between Illinois Central’s attorney and McLain:
Q: Now, you were telling Mr. Schmieder that it’s not a very physical job working for Right of Way Consultants, correct?
A. Correct.
Q. And what’s the heaviest thing you have to lift; your flag?
A. Yes, the flag goes along with the job.
Q. All right. So you’re saying the heaviest thing that you have to lift for Right of Way Consultants on the job is just the flag that you use to flag people with?
A. You’ve got, you know, a small hammer you drive in the ground with.
Q. A small hammer?
A. Yes, sir.
Q. Okay. And that’s what you said in your deposition when we asked that question also, isn’t it?
A. I believe that’s right, yes.
Q. Just a small hammer and a flag, that’s the heaviest thing that you have to lift, right?
A. That’s right.
Q. All right. Now, do you recall talking to Mr. Cecil Coker here recently over the phone?
A. Pardon?
Q. You’re aware Mr. Coker is going to be testifying in this trial, aren’t you?
A. Yes, sir, as far as I know.
Q. You’re aware that he was going to be a witness in this trial, right?
A. That’s what I hear.
Q. And do you remember within the last month placing a phone call to Mr.-Coker?
A. We talked. We talked.
Q. And do you remember asking him not to mention that you actually have to lift and move a 40-pound portable derail? You remember asking Mr. Coker—
A. As a matter of fact I did.
Q. —not to mention that?
A. I sure did.
Q. So you asked Mr. Coker, who’s going to be testifying here, not to tell the jury that you actually have to pick up this 40-pound metal derail? That’s what you asked him to do?
A. As a matter of fact I did. I remember that.
Q. You asked Mr. Coker to he to this jury? You asked Mr. Coker to he to the jury?
A. If that’s what it amounts to, I guess.
Again, the trial judge reserved sanctioning McLain until the verdict was returned.
¶ 4. The jury returned a verdict in McLain’s favor for $150,000. The trial judge sanctioned McLain for two different violations: first, for McLain’s improper contract with an empaneled juror, and second for McLain’s unlawful solicitation of perjured testimony from a trial witness. For the improper contact, the tidal judge sanctioned McLain $500, and for the solicitation, the trial judge sanctioned McLain $10,000.
¶ 5. Illinois Central filed a motion for additional sanctions. Illinois Central claimed that the sanctions were not harsh enough to deter others from committing sohcitation and perjury, that McLain had committed perjury by stating that the heaviest thing he lifted at Right of Way was a flag, not a forty-pound derail, and *1283 that McLain was loud and argumentative when Illinois Central’s witnesses were on the stand. The trial judge denied the motion based on the sole reason that McLain was not loud and argumentative. Illinois Central then filed a supplement to its motion to dismiss, stating that McLain had lied in his response to its original motion to dismiss and for additional sanctions. Illinois Central attached affidavits claiming that McLain first raised a forty-pound derail in 2009. The trial court again denied the motion, even though McLain did not respond to it. The order stated: “Being thoroughly advised in the premises, the Court finds that the motion is not well taken and should be denied.” Illinois Central appealed.
Analysis
¶ 6. On appeal, Illinois Central brings twelve issues. McLain responds with five more concise issues. Both parties address whether the trial judge appropriately sanctioned McLain based on his misconduct at trial. Given that we hold the issue on sanctions to be dispositive, we do not address the remaining issues.
Whether the trial judge appropriately sanctioned McLain.
¶ 7. The instant appeal is brought under the Federal Employers’ Liability Act (FELA). 45 U.S.C. § 56 (Rev.2012). The Court has stated the following in regard to the applicable law for FELA cases:
FELA creates a tort remedy for railroad workers injured on the job and serves as the exclusive remedy for a railroad employee injured as a result of his or her employer’s negligence. What constitutes negligence for [FELA] purposes is a federal question, not varying in accordance with the differing conceptions of negligence applicable under state or local laws for other purposes. Federal decisional law formulating and applying the concept governs. Accordingly, this Court is bound to enforce the federal law as Congress has provided and as the federal courts have read it. However, FELA cases adjudicated in state courts are subject to state procedural rules.
Illinois Cent. R. Co. v. Brent, 133 So.3d 760, 766-67 (Miss.2013) (internal citations omitted) (internal quotations omitted) (emphasis added); see also St. Louis Sw. Ry. Co. v. Dickerson, 470 U.S. 409, 411, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985) (“FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal.”). Whether a party was appropriately sanctioned constitutes a procedural matter; thus Mississippi law applies. Allen v. Nat’l R.R. Passenger Corp., 934 So.2d 1006, 1014 (¶ 22) (Miss.2006).

A. Whether Illinois Central is procedurally barred from appealing the sanctions imposed.

¶ 8. McLain argues that Illinois Central is procedurally barred from claiming on appeal that the trial judge did not impose the appropriate sanctions because Illinois Central failed to object at trial to the sanctions at trial. McLain cites Rubenstein v. State, 941 So.2d 735, 751 (Miss.2006), and InTown Lessee Associates, LLC v. Howard, 67 So.3d 711, 718 (Miss.2011), arguing that a failure of a party to make a contemporaneous objection waives an argument on appeal. Illinois Central counters that the issue is not evidentiary, as in Rubenstein and Howard; ergo, the rules set forth by Rubenstein and Howard do not apply.
¶ 9. We agree with Illinois Central. The rule McLain cites addresses the need for evidentiary objections to preserve an argument for appeal. While we do not discredit the rule cited by McLain, it does not apply to the instant facts because the *1284 issue is not an evidentiary one. The correct question is whether the issue was presented to the trial judge, not whether it was objected to contemporaneously. Purvis v. Barnes, 791 So.2d 199, 202 (Miss.2001) (“The law is well settled in Mississippi that appellate courts will not put trial courts in error for issues not first presented to the trial court for resolution, and that issues not presented in the trial court cannot be first argued on appeal.”).
¶ 10. In the instant case, sanctioning was the last issue addressed by the trial judge, as it was reserved for after the verdict was returned. After sanctioning McLain, the trial judge asked if there was anything further. Illinois Central responded in the negative, and the trial ended. Following trial, before appealing, Illinois Central moved to dismiss and for additional sanctions, stating that the sanctions were insufficient. When it was denied, Illinois Central entered a second motion. After the second motion was denied, Illinois Central appealed. We hold that the sanctions issue was presented to the trial judge prior to appeal. Thus, it is not waived.

B. Whether the sanctions imposed by the trial judge amount to an abuse of discretion.

¶ 11. Illinois Central argues the sanctions were insufficient to punish McLain’s conduct. Illinois Central also argues that the sanctions wholly fail to consider that McLain, himself, committed perjury in his deposition and at trial.
¶ 12. In Mississippi, our Court employs an abuse of discretion standard in reviewing the trial judge’s grant or denial of sanctions. Allen, 934 So.2d at 1008 (“The decision to impose sanctions for discovery abuse is vested in the trial court’s discretion. The provisions for imposing sanctions are designed to give the court great latitude.”). “We will affirm a trial court’s decision unless we have a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Jones v. Jones, 995 So.2d 706, 711 (Miss.2008).
¶ 13. Under the abuse of discretion standard of review, the Court first must consider whether the lower court applied the correct legal standard. Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss.1997) (citing Burkett v. Burkett, 537 So.2d 443, 446 (Miss.1989)). If the lower court applied the correct standard, then the Court “considers whether the decision was one of several reasonable ones which could have been made.” Pierce, 688 So.2d at 1388. “Only where a trial judge in determining a matter committed to his sound discretion makes his decision by reference to an erroneous view of the law, does this Court have authority to take appropriate corrective action on appeal.” Ashmore v. Miss. Auth. on Educ. Television, 148 So.3d 977, 983 (Miss.2014) (internal quotation omitted).
¶ 14. When the juror contact was first brought to the trial judge’s attention, she cited Illinois Central Railroad Co. v. Hawkins, 830 So.2d 1162 (Miss.2002), and Atwood v. Lever, 274 So.2d 146, 147 (Miss.1973), for the rule that it was within her discretion to dismiss the juror. After the jury verdict was returned, she then imposed a $500 sanction on McLain for the juror contact. Given her reliance on applicable case law in dismissing the juror and then subsequently imposing a monetary sanction, without consideration of the remaining violations, we cannot hold her actions to be an abuse of discretion.
¶ 15. Turning to McLain’s solicitation, the trial judge failed to consider the direct link between McLain’s solicitation and his *1285 own perjury. The Court has adopted and applied four factors to determine whether a trial judge erred in dismissing a suit:
First, dismissal is authorized only when the failure to comply with the court’s order results from wilfulness or bad faith, and not from the inability to comply. Dismissal is proper only in situation[s] where the deterrent'value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party’s preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party’s simple negligence is grounded in confusion or sincere misunderstanding of the court’s orders.
Pierce, 688 So.2d at 1389. While the Court has applied the Pierce factors retrospectively only to determine whether the trial judge committed clear error in dismissing the suit, we hold that, under the instant facts, the factors should be applied to determine whether the trial judge abused her discretion in not dismissing the case.
¶ 16. Pierce states that dismissal is authorized only when the failure to comply with the court’s order results from willfulness or bad faith. Id. at 1389. McLain solicited Coker to commit perjury because he had lied in his deposition about the heaviest item he lifted at Right of Way Consultants. McLain then committed perjury on the stand, stating the heaviest thing he lifted was a flag, and he denied asking Coker to commit perjury until he became aware that Illinois Central knew he had spoken with Coker. See Pierce, 688 So.2d at 1390 (“Pierce only admitted that she had been untruthful in her responses to discovery when she 'realized that defense knew the truth and confronted her with it.”). We hold that the above facts, constitute clear willfulness and bad faith on McLain’s part.
¶ 17. Second, the Pierce Court considered whether less drastic sanctions would achieve the deterrence. Id. at 1389; see also Jones, 995 So.2d at 712 (“When faced with such egregious misconduct, courts are obligated to consider sanctions that are severe enough to deter others from pursuing similar courses of action.”). During sanctioning, the trial judge stated:
I’ve been on the bench for 13 years in both criminal and civil cases. Not even in a criminal case where someone’s liberty is at stake has this Court ever had a witness attempt to have another witness — have a plaintiff or a party to have a witness lie and then come; into. Court and put that testimony before a jury.
She then sanctioned McLain $10,000 for solicitation, which comes out to be less than seven percent of the final jury verdict. Given the nondrastic nature of McLain’s sanction and that she failed to consider his perjury, we must determine, as the Jones Court opined, whether the sanction imposed is “severe enough to deter others.” Jones, 995 So.2d at 712 (emphasis added).
¶ 18. The Legislature has carved out a criminal penalty[2] for solicitation of perjury when consideration is involved; however, our case law and statutory law do not *1286 provide much guidance on sanctioning a party for solicitation of perjury when consideration is not involved. Federal courts have relied heavily on the following observation:
It is difficult to contemplate a clearer or more abhorrent example of a litigant's attempt to abuse and subvert the integrity of the judicial process than an effort to suborn perjury from a material witness. Coercing or seeking to obtain or manufacture false testimony [] strikes at the heart of the judicial system. Lying cannot be condoned in any formal proceeding.... Our legal system is dependent on the willingness of the litigants to allow an honest and true airing of the real facts.
Johnese v. Jani-King, Inc., 2008 WL 631237, at *2 (N.D.Tex. Mar.3, 2008) (citing Young v. Office of the U.S. Senate Sergeant at Arms, 217 F.R.D. 61, 71 (D.D.C.2003)).
¶ 19. In the instant case, Coker was a material witness. Coker testified for Illinois Central. Between Coker’s employment at Illinois Central and Right of Way Consultants, he had worked with McLain for thirty years. He testified to Illinois Central’s safety programs and rules, and he testified to his and McLain’s job duties at Illinois Central and at Right of Way Consultants. Coker’s testimony addressed McLain’s negligence claims against Illinois Central. The severity of solicitation of a material witness — even without considering McLain’s other misconduct — warrants a sanction that amounts to more than seven percent of the verdict.[3]
¶ 20. The trial judge neither made a finding of McLain’s own perjury nor imposed sanctions for it. Generally, we would remand for the trial judge to determine whether McLain committed perjury; however, under the instant facts, remand is not necessary because the record clearly establishes perjury. During his depositions and at trial, McLain stated that the heaviest thing he lifted was a flag. When pressed by Illinois Central, McLain admitted that he had asked Coker not to mention that he actually had lifted a forty-pound derail. It is clear from the record that McLain solicited perjury in order to conceal his own perjury. In other words, McLain’s perjury is directly tied to his solicitation — a court cannot find one without finding the other. Thus, the trial judge’s failure to sanction McLain is completely at odds with the importance of deterring others from committing perjury.
¶ 21. Third, the Pierce Court considered whether the other party was substantially prejudiced in the discovery process, but the Court also wrote that substantial prejudice is not required for dismissal to be the appropriate remedy. Pierce, 688 So.2d at 1391. The Court has held that substantial prejudice occurs when the “discovery violations impose on the opposing party major inconvenience in time, attorney fees [sic] and general frustration.” Ashmore, 148 So.3d at 984 (quoting Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 997 (Miss.1999)) (internal quotation marks omitted). McLain committed perjury during discovery and at trial, and in order to ensure his “story” remained consistent, he solicited Coker to commit perjury. McLain’s willful and numerous violations caused substantial prejudice for Illinois Central in uncovering them and arguing them before the trial court and our Court.
*1287 ¶22. Fourth, the Pierce Court addressed whether the neglect is attributable to an attorney or a client. Pierce, 688 So.2d at 1389. McLain alone sought out Coker and committed perjury under oath on two occasions. Thus, the egregious conduct is attributable directly to McLain.
¶ 23. In Jones, during the trial, it became clear that one party had committed perjury on the stand. Jones, 995 So.2d at 712. The chancellor recognized that perjury had occurred but failed to impose sanctions. Id. On appeal, we stated that “misconduct must not go unpunished” and held that the chancellor had abused his discretion in not imposing sanctions. Id. (internal quotation marks omitted). The Court remanded for the chancellor to consider imposing further sanctions and/or to refer the party to the district attorney for criminal prosecution. Id.
¶ 24. Jones gives us further guidance in concluding, based on the Pierce factors, that the trial judge committed clear error for not imposing sanctions for McLain’s perjury. However, in Jones, the Court remanded for the chancellor to determine the appropriate sanctions. While we agree that the Jones Court was correct in remanding, as remand is generally the appropriate remedy, under the instant facts, remand is not warranted.
¶25. Unlike in Jones, McLain committed misconduct at least four times during discovery and at trial. He committed perjury during discovery and at trial. He solicited Coker to commit perjury, and although he was sanctioned, his sanction was an abuse of discretion as it constituted less than seven percent of the verdict. Lastly, he also engaged in inappropriate contact with a juror. Each act of misconduct, taken separately, may not warrant dismissal. However, given that the record before us clearly establishes all of McLain’s misconduct and that his misconduct includes perjury and solicitation of perjury — which strike to the heart of our judicial system and require sanctions to deter others — we hold that the trial judge abused her discretion in imposing only monetary sanctions on McLain. We further hold that, along with the monetary sanctions, the only appropriate remedy is ro reverse McLain’s judgment against Illinois Central and dismiss the case.
Conclusion
¶ 26. Generally, when we determine a trial judge committed clear error in her imposition of sanctions, we will remand for the trial judge to reconsider the facts and apply appropriate sanctions. However, under the special circumstances of the instant case, in which McLain committed numerous egregious acts, dismissal is the only appropriate remedy. We uphold the trial judge’s imposition of the $500 sanction for improper juror contact and the $10,000 sanction for solicitation of perjury. Further, given that a monetary fine alone is not enough in the instant case for the solicitation of perjury and committing perjury, we reverse the judgment against Illinois Central, and we render judgment here in favor of Illinois Central that McLain takes nothing and that his complaint and this case are finally dismissed with prejudice and with court costs assessed against McLain.
¶ 27. AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
DICKINSON AND RANDOLPH, P.JJ., LAMAR AND PIERCE, JJ„ CONCUR. WALLER, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.

. After retirement, in 2002, McLain began working for Right of Way Consultants.

. Mississippi Code Section 97-9-65 states that a conviction for bribing a witness to commit perjury shall be punishable by up to five years imprisonment. Miss.Code Ann. § 97-9-65 (Rev.2014). -However, to be guilty under Section 97-9-65, one must "offer any valuable consideration.” 'Id. In the case sub judice, the record clearly shows that McLain only asked Coker to commit perjury on the stand.. McLain did not offer any valuable consideration in exchange for Coker's testimony.

. Under different facts, where the solicitation is not accompanied by multiple other acts of misconduct, we hold no opinion on what constitutes an appropriate heavier sanction. We only hold that, where the trial judge failed to cite any law for her decision, a monetary sanction of less than seven percent of a verdict is not sufficient for solicitation of peijury.